## Maitland *versus* Wilcox.

A mere arrangement of terms in contemplation of a written lease of a house for seven years, is not a perfect agreement upon which an action for use and occupation, or for rent as due upon an actual lease, can be maintained; there being no evidence in the case that the parties intended the agreement to be operative before execution of the writing, and without regard to it. A mere visit to the house for examination, was not an entry into it for the purpose of enjoyment.

[Maitland *v.* Wilcox.]

ERROR to the District Court, for the county of *Philadelphia.*
This was an action of *assumpsit* by John Maitland against Wilcox & Farren.

The declaration contained three counts: 1. For the use and occupation of a certain messuage, &c., for three months, $120; and alleging a promise to pay the rent.

2. Reciting that on the 25th of December, 1847, in consideration that the plaintiff would demise to them a certain messuage, &c., for the term of seven years, payable quarterly, the defendants promised to pay the said rent, viz. $475 per annum.

*Averment* that plaintiff did on the said 25th of December, 1847, demise the premises to them for the said term and rent, and though a quarter's rent became due on the 1st of April last, viz. $118.75, yet the defendants have not paid, &c.

3. Recites as in the second count.

*Averment* that plaintiff afterwards, viz., on the 25th of December, tendered to the defendants a lease of the premises duly drawn, &c., upon the terms, &c., aforesaid; and although one quarter's rent became due, &c., on the 1st of April last, yet the defendants have not paid.

There was also a count on an account stated, and an averment of a general promise to pay in consideration of the premises, &c.

Plea: *Non assumpsit.*

The case came on for trial before his honor Judge STROUD, on the 19th of November, 1849, when the plaintiff's· counsel, after giving in evidence his paper title, produced the following testimony:

John J. Maitland, sworn.—I am son of plaintiff; I know the house, corner of Fifth and South; my father has been in possession a long time; I know Mr. Wilcox and Mr. Farren; I acted as the agent of my father at that time. A few days *before Christmas* I was in one day when Messrs. Wilcox and Farren called. They wanted to rent the house; they agreed to take it at $475 per annum. They gave me several memoranda to put in the lease. The rent was not to begin until the repairs were made; but as the leases were to be drawn without expense to them, *the rent was to commence on the first of January.* They were to call the next day to execute the lease. These are the leases which were prepared; they were drawn by me in conformity with their instructions, of which I took a memorandum. Next morning I had them ready, and on the day after Mr. Farren called and gave verbal notice that they would not take the property. I then took the leases to Wilcox and asked him to sign them, which he refused; I tendered him the key, which he also refused. The house was occupied at this time. There was a woman in the house at that time, not on rent.

Cross-examined.—The lease was to be drawn out and signed by the parties at 9 o'clock next morning. I have lost the memoran-

[Maitland *v.* Wilcox.]

dum made at the time.    The lease was to be for (7) seven years. They refused to receive the key; they refused to sign the leases before they were tendered.    *I don't know that they occupied the premises.*    The house was rented in May, 1848, to another person, and he entered and got possession.

Recalled.—I put up another bill on the house after they refused to sign the lease.    The property was rented before for $600 per annum.

John Davidson testified:—That Farren took him to the house and wanted him to make alterations, and inquired as to the cost; that Wilcox told him to do nothing to the house; told him to tell Maitland he was sorry, and would recompense him for any loss sustained.

Catharine Logue testified:—That she occupied one room in the house; that she paid no rent; and that on Christmas day Farren and Wilcox came to the house, and on the same day Wilcox returned; she was there till May, and did not see them again.

The lease as written was dated the — day of December, 1847, for seven years, at the yearly rent of $475, in quarterly equal payments.

Notice was given to Wilcox & Farren, on the 16th January, 1848, that they having refused to execute the lease, the premises would be let, and they held liable for the difference; and notice was given on the 2d May, 1848, that the house had been let for $400 per annum.

After the plaintiff's testimony was closed, STROUD, J., on motion, directed a nonsuit.

It was assigned for error:
1. The judge who tried the cause below erred in ordering a *nonsuit.*
2. The judge erred in taking from the jury the decision of the question whether the evidence showed a present lease or only an agreement for a lease.
3. In taking from the jury the decision of the question whether there had been an entry upon the premises by the defendants.
4. In refusing to set aside the judgment of nonsuit ordered by the judge who tried the cause.

*T. I. Wharton,* for plaintiff in error.

*J. W. Biddle,* with whom was *J. W. Paul,* for defendant in error.—The action should have been for damages for not executing the lease; and not for rent.

The opinion of the court was delivered January 21, 1852, by LEWIS, J.—In one of the counts, the plaintiff claims for use

[Maitland *v.* Wilcox.]

and occupation, and in the others, to recover a stipulated rent upon an alleged lease. The parties, in contemplation of a written lease, had adjusted the terms; but before the time appointed for executing the instrument arrived, the defendant gave notice that he would not take the premises. An arrangement of terms, in contemplation of a written contract, is not a perfect agreement upon which an action can be maintained. To produce this effect, it must be shown, by the acts or declarations of the parties, that they intended the agreement to be operative before execution, and without regard to the writing. This principle is peculiarly applicable to the case before us, where the lease proposed would not have been valid without writing. The action is not brought on an agreement to sign a written lease, but upon an actual lease, upon terms set forth. The evidence does not sustain this allegation. Nor is there any evidence whatever to sustain the count for use and occupation, unless a visit of examination be perverted into an entry for the purpose of enjoyment. The plaintiff was properly nonsuited.

Judgment affirmed.