## Wilson v. Pennsy Coal Co., Appellant.

*Contract—Parol agreement—Written agreement—Terms in contemplation of written agreement—Part consideration—Parol agreement to convey realty—Statute of frauds.*

An agreement of terms, in contemplation of a written contract, is not a perfect agreement upon which an action can be maintained. To produce this effect, it must be shown, by the acts or declarations of the parties, that they intended the agreement to be operative before execution, and without regard to the writing. This principle is peculiarly applicable to a case where the agreement of one of the parties to convey real estate as part of the consideration is invalid as contrary to the statute of frauds.

Maitland v. Wilcox, 17 Pa. 231, followed.

Argued September 28, 1920. Appeal, No. 152, Oct. T., 1920, by defendant, from order of C. P. Clarion Co., Dec. T., 1919, No. 69, entering judgment for plaintiff for want of a sufficient affidavit of defense in case of S. A. Wilson v. Pennsy Coal Co. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit for money alleged to be due on contract.

Rule for judgment for want of a sufficient affidavit of defense. Before SLOAN, P. J.

The court entered judgment for plaintiff for $2,322.02. Defendant appealed.

*Error assigned* was judgment, quoting record.

*Theo. L. Wilson,* with him *A. A. Geary,* for appellant.

*Geo. F. Whitmer,* for appellee.

OPINION BY MR. JUSTICE STEWART, December 31, 1920:

The judgment complained of was directed because of insufficiency of the affidavit of defense filed in the case. The action was brought to recover a certain amount of money claimed to be due upon a written contract bearing date May 11, 1915, whereby plaintiff sold to the defendant company the right to mine and remove the merchantable coal underlying a certain tract of land in Clarion County, for the term of five years, to be paid for at the rate of five cents per ton, the defendant to mine a minimum of 12,000 tons annually during the continuance of the term, or to pay for so much at the above rate should a less quantity be mined. Another stipulation was that defendant should have the right to extend the term beyond the fixed period, for such length of time as might be required to mine and remove such merchantable coal as then remained. The affidavit of defense set up a subsequent parol agreement which, it is claimed, cancelled and avoided the written agreement. Because of conflicting statements we are left in doubt as to the exact date of this parol agreement, but it is quite clear, we think, that it was entered into subsequent to the bringing of the present action, one evident purpose of the agreement being, as we derive from the affidavit of defense, a settlement of a dispute that had arisen between the two parties touching their respective rights and obligations under the written contract. The affidavit recites, "That the plaintiff, S. A. Wilson,...... agreed with George T. Haldeman, vice-president and general manager of the Pennsy Coal Co. with power to act, that the said coal lease or contract between the parties, the subject of this suit, was cancelled and voided, providing the said defendant, the Pennsy Coal Co., would pay him any sum or sums of money due the said S. A. Wilson from the Pennsy Coal Company from the S. A. Wilson premises for coal actually mined by the

said Pennsy Coal Co., and with the further understanding and agreement that S. A. Wilson was to receive the further sum of $200 from the Pennsy Coal Co. and make the Pennsy Coal Co. a valid deed free from all encumbrances for five acres of coal under the premises described in defendant's Exhibit A attached to this affidavit of defense. It was further understood and agreed upon......that Theo. L. Wilson, attorney for the Pennsy Coal Co., was to prepare a deed for the coal from S. A. Wilson to the Pennsy Coal Co., and, on account of a suit pending in the Common Pleas Court of Clarion County between S. A. Wilson, plaintiff, and the Pennsy Coal Co., defendant, a mutual release was to be prepared by the said Theo. L. Wilson......and that a check and vouchers covering the amounts above set forth of $200.78 payable to S. A. Wilson......were to be delivered to the said Theo. L. Wilson, attorney for the Pennsy Coal Co., and that said S. A. Wilson, the plaintiff, was to call at the office of said Theo. L. Wilson ......and receive from him the check and vouchers, copies of which are hereto attached." The affidavit of defense further recites that pursuant to this agreement all the papers above mentioned were prepared by defendant's attorney, of which fact plaintiff was duly advised; that plaintiff upon his being so informed stated that he would call later in the day and get the same, yet he failed so to do, and has continued to the present time in such default.

Briefly stated, appellant's contention is that the parol agreement set up in the affidavit of defense constituted a legally binding contract between the parties, notwithstanding the failure of the plaintiff to execute the papers evidencing the contract. This states the only question in the case. The contention of appellant overlooks a well recognized rule of law. Nowhere is this rule better or more concisely stated than in Maitland v. Wilcox, 17 Pa. 231, by LEWIS, J. It is there said: "An arrangement of terms, in contemplation of a written contract, is not a

perfect agreement upon which an action can be maintained. To produce this effect, it must be shown, by the acts or declarations of the parties, that they intended the agreement to be operative before execution, and without regard to the writing. This principle is peculiarly applicable to the case before us where the lease proposed would not have been valid without writing." Quite as much can be said here. Not only does the affidavit show conclusively that in making the parol agreement the parties had in contemplation the subsequent reduction of the terms to writing, but there is neither act nor declaration of either party alleged showing an intention that the agreement should be operative before execution, and without regard to the writing. The similarity between the cases is closer still. In this case, as in that, the agreement on part of plaintiff to convey real estate in part of the consideration was invalid as contrary to statute. Sausser v. Steinmetz, 88 Pa. 324, is to the same effect. In the case cited the parol agreement was for lease for five years. The court there says: "The proposed lease was within the statute of frauds; hence the parol agreement to lease could give it no force, and to predicate anything whatever of that intended lease was error. Either party had a right to refuse its execution, and the defendants were guilty of no fraud in availing themselves of such right. Neither party could plead ignorance of the statute, and hence both are presumed to have known that either might take advantage of its terms."

It follows that no error was committed in making absolute the rule for judgment for want of a sufficient affidavit of defense.

The judgment is affirmed.

The foregoing opinion written by Mr. Justice STEWART was adopted by the court after his death and is now filed as its opinion.                                       PER CURIAM.