## Zook v. Zook.

*John E. Malone*, for rule; *B. C. Atlee*, contra.

GROFF, J., March 31, 1928.—This is a rule entered at the instance of the plaintiff to show cause why judgment should not be entered in favor of the plaintiff and against the defendant for the sum of $2187.50.

The facts of the case are these: The plaintiff, on Aug. 4, 1926, owned a store building located at, and known as, Nos. 52 and 52½ North Queen Street, in the City of Lancaster, and on the said day the following agreement was entered into and signed by both parties to this suit:

"August 4, 1926.

"I hereby agree to rent from C. A. B. Zook the building known as 52 & 52½ N. Queen St., Lancaster, Pa., under the same terms and conditions as the J. E. Myers lease which covers the above mentioned property, at $7500.00 per year, for a period from August 15, 1926, to April 1, 1929.

"It is understood that the rent for the month of August shall be $312.50.

"This lease is to be signed and delivered not later than August 7, 1926.

"It is further understood that $937.50 covering rent for the month of August and September shall be paid at the time the lease is signed and delivered.

"Witness to both       .       S. KURTZ ZOOK

  "Saml C. Lentz           C. A. B. ZOOK"

The defendant never took possession of this store. Prior to Aug. 7, 1926, the day fixed in the agreement upon which a lease was to be signed, the plaintiff tendered to the defendant a written lease in accordance with the agreement of Aug. 4, 1926, which lease the defendant refused to sign.

The plaintiff says that the agreement of Aug. 4, 1926, set out at length above, was a "lease," and the defendant says that it was not a "lease," but an "agreement to lease," and had no binding effect. He further says, "I deny that the legal effect of the writing marked 'Exhibit A' is a lease, and I deny that the said writing amounts to a lease."

Defendant further, in his affidavit of defense, says that the signing of the agreement above was induced by the fraudulent verbal representations of the plaintiff.

After a careful consideration of the case, we think that the latter defense is not material at the present time, unless the agreement referred to is a lease and not an agreement to lease. An examination of all the cases we have been able to find leads us to the conclusion that the question is a very close one, and we have been unable to find a decision in Pennsylvania on the exact point involved here.

It is clear to us that there was some reason for not signing the completed lease on Aug. 4th, the day the original agreement was signed, and that the delaying of the execution of the lease for four days was an indication that something more was to be done to complete the transaction than was done on Aug. 4th. Just what the true intentions of the parties were seems to us to be a question of fact. Their true intent can only be known to the parties themselves, or probably to the others present when the agreement was executed. That the parties intended the matter should stay open until the final execution of the lease would seem to be plausible from the fact that the agreement in itself specifically says: "This lease is to be signed and delivered not later than August 7, 1926."

"The fact that the parties intend that a formal lease shall be executed may show that the preliminary written agreement is an agreement for a lease and not a lease:" Seaver Amusement Co. v. Saxe, 210 Ill. App. 289; Pittsburgh Amusement Co. v. Ferguson, 91 N. Y. Supp. 666.

And, again, we find that "Where an instrument does not contain present words of demise, and expressly provides for the execution of a further lease, it has frequently been construed as merely an agreement to lease:" Harrison v. Parmer, 76 Ala. 157; Griffin v. Knisely, 75 Ill. 411; McGrath v. Boston, 103 Mass. 369.

Whether or not the instrument relied upon by the plaintiff was intended to take effect as a lease under the terms of what is referred to as the J. E. Myers lease, and is "Exhibit B" attached to the plaintiff's statement, is at least uncertain, and we feel that in order to arrive at a correct conclusion we should receive relevant, extrinsic evidence for the purpose of resolving the uncertainty: Campbell Coal and Coke Co. v. Pennsylvania R. R. Co., 288 Pa. 36; Simon v. Myers, 284 Pa. 3.

We fully realize that plaintiff has an action of damages on this contract, whether it is an agreement to lease or an executed lease, but since the meas-

ure of damages would differ with the nature of the contract, we feel that there should be evidence in the case explaining just what the parties intended with regard to it: Maitland *v.* Wilcox, 17 Pa. 231; Wilson *v.* Pennsy Coal Co., 269 Pa. 127.

In looking at section 17 of the Practice Act of May 14, 1915, P. L. 483, we find this: "The plaintiff may take a rule for judgment for want of a sufficient affidavit of defense to the whole or any part of his claim, and the Court shall enter judgment or discharge the rule as justice may require."

We believe, from the examination of all the papers filed in the case, and such reported cases as we believe are applicable, that justice requires us to dismiss this rule.

If we have made a mistake, it can be corrected on the trial of the case.

Rule discharged.          From George Ross Eshleman, Lancaster, Pa.