**COLD METAL PROCESS CO. v. UNITED ENGINEERING & FOUNDRY CO.**

No. 2991.

United States District Court,
W. D. Pennsylvania.

Jan. 4, 1938.

See also 43 F.Supp. 375.

Reed, Smith, Shaw & McClay, Wm. H. Webb and Webb, Mackey & Burden, all of Pittsburgh, Pa., for Cold Metal Process Co.

Brown, Critchlow, Flick & Peckham and Patterson, Crawford, Arensberg & Dunn, all of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This is a suit to restrain the defendant from prosecuting three suits brought by it in other districts, to rescind a contract between the parties made June 20, 1927; or in lieu thereof, to determine the amount due plaintiff under said contract and for other relief.

June 30, 1923, Abram P. Steckel made application for a patent for the rolling of thin sheet metal. In pursuance to this application, a patent was issued October 21, 1930, No. 1,779,195. This patent was assigned to the plaintiff. April 20, 1926, Biggert and Johnson made application for a patent on the same subject matter, which was assigned to the defendant.

June 20, 1927, plaintiff and defendant made a contract, whereby plaintiff agreed, when and if the claim or claims to common subject matter in the foregoing applications are granted in any patent issued to plaintiff, that plaintiff shall grant to defendant a license to make, use and sell rolling mills under such claim or claims, which license shall be exclusive to defendant for 4-high hot mills and for 4-high cold mills in which the major portion of the power required by a roll stand is supplied to the rolls directly and not through tension exerted on the material for pulling it through the rolls (with certain exceptions therein stated.) It was agreed, further, in said contract, that the parties shall negotiate the payment to be made by defendant to Cold Metals for such license, when and if granted; further, that if the parties could not agree, that the matter shall be submitted to three arbitrators named; that if any of the arbitrators could not serve, that another or other arbitrators may be selected by the parties, and in event that the parties could not agree, that the arbitrators named, shall select the substitute arbitrator or arbitrators.

March 7, 1931, plaintiff filed a bill in this court against defendant at No. 2506, Equity, alleging that it was the owner of the aforesaid patent; that defendant had infringed the same, and prayed for an injunction and for an accounting. Defendant filed an an-

swer thereto May 22, 1931, wherein defendant alleged that the patent of plaintiff was invalid; and further, that defendant had not infringed the same by reason of the contract of June 20, 1927. January 9, 1933, this court dismissed the bill for the reason that defendant had not infringed the patent of plaintiff on account of the license contract of June 20, 1927, 3 F.Supp. 120.

Defendant took an appeal from the aforesaid decree of this court to the Circuit Court of Appeals of this circuit, which was dismissed on motion of plaintiff January 3, 1934. The Circuit Court of Appeals, in an opinion by Buffington, C. J., 3 Cir., 68 F.2d 564, stated: " * * * is the defendant, which has not surrendered or canceled the license, and is now enjoying the monopoly of the patent, warranted in asking this court in this appeal to convict the court below of error in its decree and here contest the validity of the patent? In that connection we note that, assuming for present purposes the defendant could plead whatever defenses it chose, the situation of standing on its unsurrendered license and insisting on a decree which does not invalidate, and therefore leaves it in possession of a licensee's rights, it follows that, enjoying and possessing such license, the defendant is not in a position to contest the validity of its licensor's patent, the monopoly and rights to which it retains."

A writ of certiorari was refused by the Supreme Court March 5, 1934, 291 U.S. 675, 54 S.Ct. 530, 78 L.Ed. 1064.

July 7, 1934, plaintiff brought suit against the United States Steel Corporation and the American Sheet & Tin Plate Company in the District Court of the United States for the District of New Jersey, Equity 4906, charging infringement of the Steckel patent No. 1,779,195. Cold Metal Process Co. v. American & Tin Plate Co., D. C., 22 F.Supp. 75.

September 21, 1934, plaintiff brought suit against the Continental Roll & Steel Company in the United States District Court for the District of Delaware, Equity 1078, charging infringement of the Steckel patent.

October 5, 1934, plaintiff petitioned this court for the appointment of arbitrators to determine the payment to be made by defendant to plaintiff under the June 20, 1927 license contract, Misc. 808. This petition was dismissed on defendant's motion January 28, 1935.

July 9, 1934, defendant brought suit in the United States District Court for the Northern District of Ohio, Eastern Division, Equity 4981, against E. W. Bliss Company and plaintiff, charging infringement of the Steckel patent.

October 3, 1934, defendant brought suit against the Illinois Steel Company, the Continental Roll & Steel Foundry Company and Hubbard Steel Foundry Company in the United States Court for the Northern District of Indiana, Equity 510, wherein the plaintiff in this case was joined as a party plaintiff, and which charged the defendants therein with an infringement of the Steckel patent.

October 15, 1934, defendant entered suit against plaintiff in the United States District Court for the Northern District of Ohio, Eastern Division, Equity 5059, for the purpose of determining the payment due from defendant to plaintiff under the license contract of June 20, 1927.

November 17, 1934, plaintiff brought this suit against defendant, Equity 2991, wherein plaintiff sought an injunction against the defendant from prosecution of the two suits aforesaid of defendant for infringement of the Steckel patent and the suit of defendant against plaintiff to determine the payment due plaintiff under the June 20, 1927 contract; also, for a determination of the amount due plaintiff under said contract. A hearing was held on plaintiff's application for a preliminary injunction to restrain the defendant from the prosecution of the suits aforesaid. A decree was entered January 28, 1935, refusing the application of plaintiff. This decree was appealed from to the Circuit Court of Appeals of this circuit, which reversed the decree of this court September 27, 1935. 79 F.2d 666. A preliminary injunction was then issued, restraining the prosecution of the suits aforesaid.

May 11, 1936, plaintiff filed a supplemental bill in this suit in which it averred, inter alia, a contract made by the defendant with the Mesta Machine Company, dated October 28, 1931. It contained prayers, in-

ter alia, that this court enter a decree declaring a rescission of the June 20, 1927 contract; also, a prayer for alternative relief in the event of a refusal of a decree of rescission for the determination of the amount due plaintiff under said contract. After hearing, the court made the foregoing findings of fact and conclusions of law.

■ Plaintiff contends that the preliminary injunction restraining the defendant from prosecuting the three suits aforesaid, should be made permanent. This contention is sustained for the reasons appearing in the opinion of the Circuit Court of Appeals written by Davis, C. J., supra. The facts developed at the final hearing on this point are substantially the same as the facts developed at the hearing on the application for a preliminary injunction.

■ Plaintiff contends that this court should declare a rescission of the contract of June 20, 1927; further, in event that this contention is not sustained, that the court should determine the amount of the payment due the plaintiff to date under said contract by an accounting or otherwise, and the basis for payments to be made in the future. I am of the opinion that this court should not decree a rescission of said contract. Plaintiff knew all the facts upon which it relies for rescission, including the material portions of the contract of defendant with the Mesta Machine Company, when it filed its original bill in this case November 17, 1934. Plaintiff saw the contract at the hearing before this court January 14 and 15, 1935, on its application for a preliminary injunction. With a knowledge of the facts, plaintiff elected to affirm the June 20, 1927 contract and to insist upon the performance by defendant of the terms thereof until the filing of the supplemental bill, May 11, 1936. Defendant, since the making of the June 20, 1927 contract has had a substantial investment in the making of rolling mill machinery. It would be inequitable now to decree a rescission thereof. See Nuveen v. Board of Public Instruction, 5 Cir., 1937, 88 F.2d 175; Stuart v. Hayden, 169 U.S. 1, 18 S.Ct. 274, 42 L.Ed. 639; Roseboom v. Corbitt, 6 Cir., 1912, 196 F. 627; United States v. Oregon Lumber Co. et al., 260 U.S. 290, 43 S.Ct. 100, 67 L.Ed. 261.

■ Plaintiff is entitled to a decree providing for a determination of the amount due to date from defendant under said contract and the basis of payment to be made thereafter. This position is in accord with the prayer contained in plaintiff's original bill and its alternative prayer in its supplemental bill in this case. It is also in accord with the prayer in defendant's bill against plaintiff in the Northern District of Ohio, Eastern Division, Equity 5059. See Kaufmann v. Liggett, 209 Pa. 87, 58 A. 129, 67 L.R.A. 353, 103 Am.St.Rep. 988.

■ Defendant contends that the original and supplemental bills should be dismissed because plaintiff did not come into court with clean hands. The claim is that in the proceedings at No. 2506 Equity, in this court, wherein plaintiff sued defendant for infringement of the Steckel patent, that Clinton H. Hunt, assistant to the president of the National Steel Corporation, in pursuance of a contract made by said corporation with plaintiff relating to a license under plaintiff's patents, agreed that Hunt should testify for plaintiff in said patent case and that Hunt did so testify. There is no allegation or proof that Hunt was to testify falsely or that he did so testify. There is no evidence that the consideration for his testimony was unconscionable. It is proper for a litigant to pay substantial sums for expert testimony. Jacoby v. Brooklyn, Q. C. & S. R. Co., 153 App.Div. 352, 138 N.Y.S. 486. In Pennsylvania it has been determined that a witness cannot be compelled to testify as an expert by a private litigant. Pennsylvania Company for Insurance of Lives & Granting of Annuities v. Philadelphia, 262 Pa. 438.

This court has found, as a fact, that plaintiff did not come into court with unclean hands. This finding is supported by the evidence. It should also be noted that the contention of plaintiff applies to the proceedings in the patent suit at No. 2056 and not to the present suit.

■ Defendant contends that an agreement was made with the plaintiff in January, 1928, whereby the amount to be paid plaintiff for a license under the 1927 license contract was agreed upon. This contention is not sustained. The letter of Steckel, relied upon as containing an ac-

918

ceptance of defendant's offer, specifically stated that the schedule of royalties were to appear "in a definitive agreement which the attorneys will draw up." The parties did not consider that the letters relied upon by defendant constituted a contract agreement. They carried on negotiations from the date of the alleged contract up to and after the filing of the bill in this case for the purpose of determining the payment to be made to plaintiff by defendant under said contract; and also for the purpose of making a new contract on terms mutually agreeable. See Maitland v. Wilcox, 1851, 17 Pa. 231; Brown v. Finney, 1866, 53 Pa. 373; Sparks v. Pittsburgh Co., 1893, 159 Pa. 295, 28 A. 152; Wilson v. Pennsy Coal Co., 1920, 269 Pa. 127, 129, 112 A. 135.

■ Plaintiff contends that the decision of this court at 2506 is res judicata only that the 4 mills then before the court were within the terms of the license contract of 1927. In plaintiff's bill at 2506, it is alleged that plaintiff is the owner of the patent in suit, 1,779,195, and that defendant infringed said patent. The bill prayed for an injunction and an accounting. Defendant, in its answer alleged, as a defense, the invalidity of said patent and that the mills made and sold by it, were mills included in the license contract of 1927. The issue, therefore, was raised—whether the mills made and sold by defendant were within the terms of said contract? This court found in 2506 that the 1927 contract [3 F.Supp. 128] "was not rescinded prior to the filing of the bill in this case, and at that time was a valid subsisting contract between the parties." The court further found, that "defendant has not infringed the patent in suit. The acts aforesaid, which would have constituted an infringement, are valid and proper under the license agreement of June 20, 1927." The court found in its conclusions of law that defendant had not infringed the patent in suit and that the contract of June 20, 1927 between the plaintiff and defendant is a valid, subsisting contract. The decree entered was "that the bill be dismissed at the cost of the plaintiff."

Plaintiff filed a petition for a reargument which contained the following prayer: "(b) That the decree entered by this Honorable Court on January 9, 1933 be vacated and a new decree entered reinstating plaintiff's bill so as to give full, proper and legal effect to the application and scope of the license agreement between the parties hereto dated June 20, 1927, by finding that the contract of June 20, 1927 does not apply to claims Nos. 8, 9, 10, 12 and 16 of the patent in suit, or any of them, and that defendant has infringed each of said claims; enjoining defendant from further infringement of said claims and ordering an accounting thereunder; and that the findings of fact and conclusions of law already made by the Court inconsistent therewith, be vacated and in lieu thereof other findings of fact and conclusions of law be made which will support the new decree."

A rule was granted on the petition of the plaintiff, aforesaid, and the petition was dismissed by the court after hearing. Plaintiff did not take an appeal. The decree at 2506 adjudicates that the mills made by the defendant prior to the decree, were within the terms of the license contract of 1927.

Let a decree be prepared and submitted in accordance with the foregoing findings of fact, conclusions of law and this opinion.