HOWLETT v. MAYO'S INCORPORATED.

*100 P. 2d 263.*

No. 28740.   March 12, 1940.

James C. Cheek, of Oklahoma City, for plaintiff in error.

Hughey Baker, of Tulsa, for defendant in error.

DAVISON, J.   The plaintiff in error and defendant in error were plaintiff and defendant, respectively, in the trial court, and will hereinafter be referred to herein by those designations.

Plaintiff sought recovery from the defendant of the sum of $2,287.50 which he alleged was due him under the terms of a written contract that the parties had previously entered into. The contract provided that the plaintiff was to "furnish a complete set of plans and specifications subject" to the approval of the defendant "covering the engineering services and supervision for the comfort cooling and ventilating air conditioning system for the Mayo Building" in Tulsa, Okla. "For this service, if accepted," the contract provided that the defendant would pay plaintiff "a flat fee of three and one-half per cent. on actual installations. * * *" The plaintiff alleged that he had furnished the plans and specifications provided in said contract, submitted same to the defendant, and that the defendant had approved and accepted them.

The defendant's answer contained a general denial and included, among other allegations, a special denial that it had approved and accepted plans submitted by the plaintiff.

At the trial of the cause, both parties introduced evidence in support of their respective pleadings, and upon a submission of the same to a jury, a verdict was returned in favor of the defendant.

After judgment was entered in accordance with said verdict, the plaintiff filed a motion for judgment notwithstanding the verdict and a motion for a new trial. Both motions were overruled, and the plaintiff has appealed.

The grounds urged for a reversal of the judgment are the insufficiency of the evidence to establish a defense to the plaintiff's action or to support a verdict for the defendant under the court's instructions.

At the beginning of the argument on behalf of the plaintiff, a third contention is also set forth in the following words, to wit:

"The court erred in admitting certain testimony, reference to which will be made, and by which the plaintiff was seriously prejudiced in the minds of the jury."

Nowhere in the plaintiff's brief is any argument set forth or authorities cited in support of the proposition quoted. The only part of the brief which it could be claimed has any reference whatsoever to that contention is the portion dealing with the testimony of a witness

by the name of Herbert W. Meinholtz. There, counsel merely calls our attention to the fact that said witness was permitted to testify as an expert engineer, and that said witness' qualifications as an expert were questioned at the trial. It is then asserted that under section 2, art. 22, ch. 24, S. L. 1935, 59 Okla. St. Ann. § 412, "no engineer is entitled to practice and testify as an expert without having a license to do so. * * *" Said section does not purport to prescribe the qualifications of a witness. Our attention is also called to the fact that said witness' testimony contained criticism of the plaintiff's plans. Such statements do not constitute, and are obviously inadequate to support, a charge that the particular witness in question was not qualified as an expert, that the testimony he gave was inadmissible, and that the admission thereof was prejudicial to the plaintiff. Consequently, since plaintiff's contention with reference to the trial court's erroneous admission of evidence is accompanied by no argument nor citation of authority in support thereof, it will receive no further consideration. See Harrington et al. v. City of Tulsa, 170 Okla. 20, 39 P. 2d 120; Polson v. Pirtle, 173 Okla. 594, 49 P. 2d 531; Allen v. First National Bank & Trust Co., 179 Okla. 631, 67 P. 2d 2; Railway Express Agency v. Stephens et al., 183 Okla. 615, 83 P. 2d 858.

Plaintiff's contentions concerning the sufficiency of the evidence to raise an issue for presentation to the jury and to support the verdict and judgment cannot be considered, for these questions have never been properly raised. At the trial the plaintiff made no objection to the submission of the evidence to the jury, nor did he challenge its sufficiency by demurrer, motion for a directed verdict, or in any manner whatsoever. No charges were ever made on behalf of the plaintiff that there was no evidence to support the defense or a verdict for the defendant until after the verdict was rendered and the judgment entered. The sufficiency of the evidence for these purposes cannot be challenged either by a motion for judgment non obstante veredicto or a motion for a new trial. See Norman v. Lambert, 64 Okla. 238, 167 P. 213; Amons v. Howard, 111 Okla. 195, 239 P. 217; Saunders v. McKee, 177 Okla. 357, 58 P. 2d 1234; Downtown Chevrolet Co. v. Braune, 181 Okla. 134, 72 P. 2d 842. No error based upon the inadequacy or insufficiency of the evidence is therefore before us for review in the present case.

Even though it was counsel's intention to submit his argument with reference to the sufficiency of the evidence under the sixth assignment of his petition in error, alleging that "the verdict of the jury is contrary to law and to the instructions given by the court," it would still show no cause for reversal. In the argument that the verdict is contrary to the instructions, it is not claimed that the trial court instructed the jury that a verdict could not be returned for the defendant. It is merely argued that there is no evidence to establish the facts that the jury was told it must find in order to find for the defendant. Thus, plaintiff's contention, in reality, deals with no grounds for reversal in addition to the one we have already discussed. See the discussion of a similar argument contained in Norman v. Lambert, supra.

As the plaintiff has not properly presented any ground for a reversal of the trial court's judgment in favor of the defendant, the same is hereby affirmed.

RILEY, OSBORN, GIBSON, and HURST, JJ., concur.