# Lance, Appellant, *v.* Luzerne County Manufacturers Association.

Argued November 16, 1950. Before DREW, C. J., JONES, BELL, LADNER and CHIDSEY, JJ.

*Fairfax Leary, Jr.,* with him *Earl G. Harrison, Arlin M. Adams, Johnson & Pope* and *Schnader, Harrisson, Segal & Lewis,* for appellants.

*Andrew Hourigan, Jr.,* with him *Charles L. Casper, James P. Harris, John C. Phillips, Mose H. Salsburg, White, Rowlands, Aston & Hourigan, Fahey & Casper, Charles H. Miner, Jr., Ben R. Jones, Jr.* and *Bedford, Waller, Jones & Darling,* for appellees.

OPINION BY MR. JUSTICE JONES, January 2, 1951:

The question here involved is whether testifying as an expert witness to matters requiring a knowledge of engineering constitutes the practice of engineering within the meaning of the Act of May 6, 1927, P.L. 820, 63 PS § 131 et seq.

The plaintiffs sued the defendants and others in an action at law to recover fees alleged to be due them for services as expert witnesses and as consultants in a water rate proceeding before the Pennsylvania Public Service Commission. On the defendants' motion attacking the plaintiffs' statement of claim as insufficient, the court below entered an order requiring the

plaintiffs to file a more specific statement. It was then that they resorted to the instant suit in equity for discovery in aid of their preparation of an amended statement of claim for use in the action at law. To the bill of complaint, the defendants filed preliminary objections, all of which the learned judge of the court below, specially presiding, overruled except for the objection that the plaintiffs' demands for discovery were vague, too broad and covered irrelevant matters. For that reason, the court sustained the preliminary objections and allowed the plaintiffs thirty days within which to amend. An amended bill of complaint having thereafter been filed, the defendants interposed preliminary objections thereto but, this time, expressly limited to the ground that "the plaintiffs fail to allege and cannot truthfully allege that at the time of the alleged rendition of the alleged services for which the action at law is brought . . . , and in aid of which their Bill in Equity is brought, . . . they or either of them were registered as engineers in compliance with the Act of May 6, 1927, P.L. 820, 63 P.S., section 131 et seq." It was stipulated of record by respective counsel for the parties that neither of the plaintiffs was a registered professional engineer with the State Registration Board for Professional Engineers at the time the services claimed for in the action at law were performed. The services in suit covered the period from June 1928 to July 1933, inclusive. The statute pertinent to the question raised by the defendants' preliminary objections was, therefore, the Act of 1927, supra.

Section 1 of the Act of 1927, supra, provides that "In order to safeguard life, health, and property, any person practicing, or offering to practice, the profession of engineering in any of its branches, including surveying, shall hereafter be required to submit evidence that he or she is qualified so to practice, and shall be

registered as hereinafter provided; and it shall be unlawful for any person to practice, or to offer to practice, the profession of engineering, in any of its branches, including surveying, in this Commonwealth, unless such person has been duly registered or exempted under the provisions of this act." One so qualified and registered becomes a "professional engineer" which Section 2 of the Act defines as follows: "The term 'professional engineer,' as used in this act, shall mean a person who, through technical knowledge gained by education or by experience in one or more branches of engineering, including surveying, initiates, investigates, plans, and directs the control of the forces of and the utilization of the materials of nature, and of human activities in connection therewith, for the benefit of man, and who represents himself or herself to be such a professional engineer, either through the use of the term 'professional engineer,' with or without qualifying adjectives, or through the use of some other title implying that he or she is such a professional engineer." But, nowhere did the Act of 1927 (prior to the amendment of May 23, 1945, P.L. 923) specifically define the "practice of engineering". That can only be derived from what a professional engineer does in pursuance of his profession as declared by Section 2 of the Act of 1927, viz., ". . . initiates, investigates, plans, and directs the control of the forces of and the utilization of the materials of nature, and of human activities in connection therewith, for the benefit of man, . . . ."

The services of the plaintiffs in testifying as expert witnesses before the Public Service Commission in a water rate case was not the practice of engineering. They neither made plans nor directed "the control of the forces of and the utilization of the materials of nature" which Section 2 of the Act of 1927 specifies as distinguishing the professional engineer. The justification for a statute requiring the registration of

engineers by the State as a valid exercise of the police power rests upon considerations other than an engineer's ability to testify as an expert before some tribunal: cf. *Commonwealth ex rel. v. Humphrey*, 288 Pa. 280, 286, 136 A. 213. On the basis of the plaintiffs' knowledge acquired by education, training and experience, they were deemed competent by the Public Service Commission to render opinions material to the inquiry which the Commission was conducting; and their claim is for services in such regard under alleged employment by the defendants which is the usual and recognized way of procuring expert testimony. "In each case it is a matter of bargain, which, as ever, it takes two to make, and to make unconstrained": *Pennsylvania Company etc., Trustee v. Philadelphia*, 262 Pa. 439, 442, 105 A. 630. Whether the plaintiffs were qualified as experts was for the Public Service Commission to determine and the conclusion with respect thereto depended upon the witnesses' knowledge and not upon whether they were registered with the State Registration Board.

There is no appellate court decision in this State on the precise question here involved, i.e., the right of an unregistered engineer, who qualified as an expert, to recover compensation for his services, contractually engaged, as an expert witness. In *Micciche v. Forest Hill Cemetery Assn.*, 55 D. & C. 620, Judge HOBAN of the Court of Common Pleas of Lackawanna County, in a well-reasoned opinion, held it to be reversible error for a Referee of the Workmen's Compensation Board to reject the expert opinion of a chiropractor, as to whether the accident in issue was the cause of the claimant's disability, because the proffered witness was not licensed by the State Medical Board. After quoting from Henry's Pennsylvania Trial Evidence, 3d Ed., Sec. 332, as to what usually constitutes an expert, Judge HOBAN said (pp. 624-625),—

"By the test above stated, an expert is one who qualifies as such by reason of special knowledge and experience, and it is quite obvious that an individual may possess knowledge and experience of a special nature whether or not he is authorized to practice in his special field by virtue of any restriction or licensing requirement imposed by law. The inquiry by the trial judge, or in this case by the referee, as to qualifications, therefore, should be whether or not the witness possesses the special knowledge and experience. As a result of this inquiry, usually conducted as examination and cross-examination by the respective counsel, the referee or the trial judge may reach the conclusion that the witness does not possess the requisite qualifications entitling him to be classed as an expert, but the test must be as to the alleged expert's possession of knowledge and experience and not of a piece of paper which authorizes him to practice a profession." Cf. *McDyer v. Eastern Pennsylvania Railways Company*, 227 Pa. 641, 646-647, 76 A. 841; also *Howlett v. Mayo's Inc.*, 186 Okla. 651, 100 P. 2d 263, 264. If the Act of 1927, supra, does not prevent an unlicensed but, otherwise, qualified engineer from testifying as an expert witness, and we believe it does not, there is no just reason why he should not be able to recover compensation for his services as such a witness.

If any of the work done by the plaintiffs in preparing themselves to testify as expert witnesses, or if in so testifying, in the hearings before the Public Service Commission appears to constitute the practice of engineering, as developed by the proofs at trial, that circumstance can be adequately dealt with at that time. Even if some of the services should then appear to have been the practice of engineering, within the contemplation of the Act of 1927, supra, but are segregable in quantity and value, the plaintiffs might

still be able to claim for the balance of their services not violative of the Act. Those will be matters for the trial court should they arise.

The decree is reversed at the appellees' costs.