**BOWSER v. PUBLICKER IN-DUSTRIES, Inc., et al.**

**Civ. A. No. 10249.**

United States District Court
E. D. Pennsylvania.

Feb. 23, 1951.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Henry S. Ambler, Frank R. Ambler, Philadelphia, Pa., for defendant Publicker Industries, Inc.

J. Webster Jones, Philadelphia, Pa., for defendant Hull.

KIRKPATRICK, Chief Judge.

The plaintiff brought this action against two defendants, Publicker Industries, Inc., and P. C. Hull, to recover damages for the death of her husband, alleging it to have been caused by negligence on the part of both defendants.

Publicker, which owned and operated an industrial alcohol plant, had a contract with Fisher Tank and Welding Company under which Fisher was to erect a steel tank on Publicker's premises. In the course of the work it became necessary to use a crane, and Hull, under contract with Fisher, supplied the latter with a crane and operator. The tank to be erected was on one side of a thoroughfare in the defendant's plant, along the other side of which ran a high tension electric power line. On the day of the accident, the crane had been stationed about in the middle of the thoroughfare and was engaged in picking up steel plates and depositing them inside the tank under construction, working with an 80-foot boom and cable. Fisher's foreman was giving signals for the hoisting and swinging of the boom. During the course of the work the crane picked up a spreader—a long, heavy piece of steel—and Bowser, an employee of Fisher, walked along on the ground holding and guiding it as it was suspended by the cable. In swinging the boom the crane operator moved it too close to the power line, the electric current (13,000 volts) arced from the line to the cable and Bowser was electrocuted. Publicker was the owner not only of the premises but of the power line as well.

The jury under instructions from the Court returned a special verdict. In answer to the interrogatories submitted they found, in effect, that the accident was caused by the concurrent negligence of the crane operator and of Publicker, against which latter the charge was requiring or permitting the work to be done in a dangerous place. They also found that Hull's negligence, in supplying a crane which lacked proper safety devices, was another concurrent cause of the accident.

Judgment was entered for the plaintiff and each of the defendants filed a motion to set aside the judgment and enter judgment in its favor. These motions are now before the Court.

█ In answer to one interrogatory the jury found that, at the time of the accident, the crane operator, although moving the crane in response to signals by Fisher's foreman, was nevertheless the employee of Hull. It is doubtful, in view of the case of Bojarski v. M. F. Howlett, Inc., 291 Pa. 485, 140 A. 544, whether the evidence supports this finding. It is not necessary, however, to decide that question in view of the finding against Hull on the other count, namely, failure to have proper safety equipment on a crane which was to work in the vicinity of electric supply lines.

█ There was ample evidence to support the jury's answers to each of the other interrogatories.

█ Hull now contends that the undisputed evidence shows that the negligence of the operator (who, he contends, must be held to be the employee of Fisher) was an independent intervening cause absolving it from liability for any negligence which there might have been in connection with the equipment of the crane. This position cannot be sustained. The rule as stated in the Restatement of the Law, Torts, Section 447, is "The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if * * * (b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted". Certainly, no one knowing the way in which a crane operates and the comparatively narrow space in which the crane operator had to work would regard it as highly extraor-

dinary that he should swing the boom so that the cable would come too close to the power line.

No motions for a new trial have been filed and no complaint is made of the Court's instructions or of its rulings upon evidence, except so far as its refusal to strike out the testimony of one of the plaintiff's experts affects the question whether there was any competent evidence to support the charges of negligence. The fact that the plaintiff's expert, Blumenthal, was not a registered electrical engineer was proper for the jury to consider in connection with the value of his opinions and the weight to be given to them and they were so instructed but it did not make him an incompetent witness or require his testimony to be stricken out. See Lance et al. v. Luzerne County Mfrs. Ass'n et al., 366 Pa. 398, 77 A.2d 386.

The motions are denied.