L. E. RICHARDSON, d/b/a Richardson Service Station, Plaintiff In Error,

v.

Silas SHAW, Defendant In Error.

No. 37471.

Supreme Court of Oklahoma.

June 11, 1957.

Rehearing Denied July 24, 1957.

Bruce & Rowan, Oklahoma City, for plaintiff in error.

George E. Fisher, J. A. O'Toole, Oklahoma City, for defendant in error.

BLACKBIRD, Justice.

Plaintiff in error, L. E. Richardson, d/b/a Richardson Service Station, operates the automobile service, and/or filling, station, in Oklahoma City, where an automobile belonging to defendant in error was damaged in a collision with an auto driven by one Alonzo Anderson. Seeking to recover his damages in the now undisputed sum of $450.90, defendant in error instituted, as plaintiff, the action involved here against both Anderson and plaintiff in error, as defendants. Anderson made no appearance and after a trial defended only by Richardson, the jury rendered separate verdicts in the aforesaid amount against both Richardson and Anderson. After judgment was entered accordingly, Richardson perfected

the present appeal. Both he and defendant in error will hereinafter be referred to by their trial court designations of "defendant" and "plaintiff", respectively.

According to defendant's brief, the assignments of error argued in the first, and major, portion thereof "deals with the insufficiency of the evidence to show any negligence or liability" on his part "in connection with the damage done to the car * * *". This question is not before us because defendant has preserved for review no alleged error that he argues in connection therewith. The only ones he therein both claims and argues are the alleged errors of the trial court in overruling his demurrer to plaintiff's evidence, and in refusing to direct a verdict in his favor. As to the latter, he fails to show, and, upon a careful examination of the record, we have been unable to find, any indication in the record that he ever moved for a directed verdict. There is therefore nothing upon which he can predicate, or we can review, such an alleged error. The allegation of such refusal in his motion for new trial is wholly insufficient for that purpose, in the absence of his property raising the question of the insufficiency of the evidence, after it was all in, and before submission of the cause to the jury. See Bolon v. Smith, 170 Okl. 407, 40 P.2d 677, and Howlett v. Mayo's Inc., 186 Okl. 651, 100 P.2d 263. Nor can we review the sufficiency of the evidence for submission to the jury, or to support the verdict, on the basis of the trial court's alleged error in overruling his demurrer to plaintiff's evidence. See Chickasha Cotton Oil Co. v. Hancock, Okl., 306 P.2d 330.

This brings us to the alleged error of the trial court in overruling two written motions defendant filed, after the overruling of his *regular* motion for a new trial, and more than one month, and eleven weeks, respectively, after the judgment was entered. The first of these, he termed a "Separate Motion for New Trial * * * Based upon Newly Discovered Evidence"; the second, he termed an "Amendment" to said motion. The only specific ground mentioned in the first of these motions, to which defendant's brief refers, is the 4th one, in which he alleged that an insurance company paid plaintiff for the same damages to his auto that he recovered from said defendant. If this allegation were proved to be true it would constitute no valid ground of objection. See paragraph 2 of the syllabus in Denco Bus Lines v. Hargis, 204 Okl. 339, 229 P.2d 560, and Huey v. Stephens, Okl., 275 P.2d 254. Moreover, no affidavit of any witness, as is required by Tit. 12 O.S.1951 § 654, was attached to, or submitted in connection with, either the "Separate" motion for a new trial or its so-called "Amendment." While it is true that both bore the form of verification ordinarily used by litigants in filing verified pleadings, neither set forth the name or place of residence of any witness relied upon to furnish the so-called "newly discovered" evidence, nor contained, nor had attached to it, the affidavit of any such witness. The "newly discovered evidence" referred to in the "Amendment" was in substance, that plaintiff's brother, Wesley Shaw, had testified falsely as a witness at the trial; but said "Amendment" did not represent that Shaw, himself, would make, or had made, an affidavit, or would give sworn testimony in support of that alleged fact; and it is manifest from the subsequent record that a policeman witness by another name was the one relied upon to give such newly discovered "evidence." In speaking of the legal requirements of procedure for obtaining a new trial on the ground of newly discovered evidence, this court, in Rock v. Craig & Osborn, 78 Okl. 254, 190 P. 388, 389, said:

"The only exception made by section 5035, R.L.1910 [Tit. 12, sec. 653, O.S. '51], for the failure to file motion for new trial within three days after the verdict, report, or decision is rendered * * * is 'newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial.' This section is mandatory. [Citing cases.]

"Section 5036, R.L.1910 [Tit. 12, sec. 654, supra], requires that a motion for new trial on the ground of newly discovered evidence, which attempts to come within the exception to the three-day rule, must be sustained by affidavits showing the truth of the facts alleged.

"To relieve the necessity of filing motion for new trial within three days after judgment, there must be presented by motion and supported by affidavit a *prima facie showing* of newly discovered evidence which will probably change the result of the trial, * * *.

"For plaintiff in error to be entitled to a new trial on the ground of newly discovered evidence, the motion should set forth the name and place of residence of the witness, what he would testify to, and be accompanied by the affidavit of said witness, or a sufficient reason should be given for not producing the affidavit." (Emphasis ours.)

Among these pleadings' other possible inadequacies, notice also Russell v. Margo, 180 Okl. 24, 67 P.2d 22, 24. Defense counsel's offer of proof as to what the police officer would testify to, in support of the "Amendment" to defendant's Motion on the ground of newly discovered evidence, neither mentioned nor offered any reason for not producing the officer's affidavit. In Glen v. Buck, Okl., 272 P.2d 573, we held:

"Where a motion for new trial is made on the grounds of newly discovered evidence, it is essential that the affidavits of the witnesses who will give the newly discovered evidence should be produced, or their absence accounted for. As a general rule, the *unsupported affidavit of the applicant or his attorney* will not be sufficient." (Emphasis ours.)

On the basis of the foregoing, it was not an abuse of discretion, or error, for the trial court to overrule defendant's application for a new trial on the ground of newly discovered evidence. As its order and judgment must be affirmed for that reason, it is unnecessary to determine whether or not the testimony, that was claimed to be available to support it, would have been adequate. Accordingly, said judgment is affirmed.

CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, JACKSON and CARLILE, JJ., concur.