## Wright v. Philadelphia Transportation Company

*Lewis Kates*, for plaintiff.

*Martin Greitzer* and *Takiff and Bolger*, for defendant.

ULLMAN, J., May 18, 1961.—Plaintiff has filed herein a motion for protective order pursuant to Pa.

R. C. P. 4012 (*a*) to prevent the taking of the deposition of plaintiff's physician, Dr. Gilbert Tabby. The motion sets forth that the proposed deposition is sought in bad faith and is purposed to harass, annoy, embarrass, delay and cause undue expense to plaintiff in violation of Pa. R. C. P. 4011; that the information sought has already been made available to the defendant; that plaintiff has offered to *exchange* full medical information with defendant, including diagnosis and prognosis of plaintiff's attending physicians. Alternatively, plaintiff seeks to limit the scope of the proposed deposition so as to exclude questions as to the causal connection between the accident and plaintiff's injuries and as to medical diagnosis and opinions.

The trespass action herein is predicated upon an alleged beating of plaintiff by defendant's bus operator. Defendant has had plaintiff examined by a physician of its own choosing. Counsel for defendant advises the court that he intends to ask Dr. Tabby questions as to opinions. In a discovery matter, the proceeding is not one on petition and answer wherein the averments in the answer must be taken as correct. At the hearing before the court, it may consider such matters as are then argued and presented by counsel. See Kazinetz v. Ward, C. P. No. 3 of Philadelphia County, June term 1951, no. 3569, opinion by MacNeille, P. J., dated January 24, 1952, and reported in The Legal Intelligencer, February 4, 1952.

Since this is plaintiff's motion, the burden is on him to show need for a protective order: Bealla v. Zuba, 4 D. & C. 2d 545, 548 (1955). It has been suggested that no appearance has been entered on behalf of the doctor though any objection was withdrawn so as to join issue on the merits. We are of the opinion that it is quite appropriate for any party to file a motion for protective order on behalf of a witness, and particularly on behalf of a professional witness who

can be expected to transmit to a party any expense which litigation may cause him. To require a witness to secure independent representation would yield an oppressive result and increase the expensive character of litigation, which is already too expensive.

The two questions presented may be phrased as follows: (a) May a professional or expert witness be examined in discovery depositions on matters which inquire into his expert opinions? (b) should a professional witness be compelled to attend depositions and give testimony thereat?

We are of the opinion that neither party, friendly, adverse or neutral, can compel an expert to yield his personal opinions to litigants either at trial or depositions.

This rule was emphatically established in Pa. Co. for Ins. on L. & G. A. v. Phila., 262 Pa. 439, 441 (1918), where Mr. Justice Simpson stated on behalf of a unanimous court as follows:

"The process of the courts may always be invoked to require witnesses to appear and testify to any facts within their knowledge; but no private litigant has the right to ask them to go beyond that. The State or the United States may call upon her citizens to testify as experts in matters affecting the common weal, but that is because of the duty which the citizen owes to his government, and is an exercise of its sovereign power . . . But the private litigant has no more right to compel a citizen to give up the product of his brain (expert testimony), than he has to compel the giving up of material things. In each case it is a matter of bargain, which, as ever, it takes two to make, and to make unconstrained . . ."

This rule prohibiting compulsion for the obtaining of expert testimony continues in force. See also Lance v. Luzerne County Manufacturers Association, 366 Pa. 398 (1951) ; Yerko v. Clearfield Bituminous Coal

Corporation, 145 Pa. Superior Ct. 269 (1941), quoting the above language with reference to medical testimony; Cold Metal Process Co. v. United Engineering & Foundry Co., 83 F. Supp. 914 (1938), affirmed 107 F. 2d 27 (C. C. A. 2). We are, of course, not now concerned with any question as to the implied duty which may be owed to a client or patient to assist him with expert testimony.

In Straub v. Silber, 22 D. & C. 2d 36 (1960), it was pointedly held that the minor plaintiff's treating physician could be required to answer questions requiring an expert opinion. The court concluded that the 1954 amendment to Pa. R. C. P. 4007 authorized examination *"regarding any matter, not privileged"* and that prior to the 1954 amendment inquiry was limited to discovery of "facts." Patently the court was incorrect in its reference to a "legislative change in language" and to "the clear intention of the legislature to give the amended rules a more liberal construction than that prevailing before 1954." The legislature had nothing to do with the rules, and they were adopted by the Supreme Court.

The process of discovery certainly should not be permitted to go beyond the bounds of the trial itself. There is no reason whatsoever to suppose that the Supreme Court has or intended to reverse the Pennsylvania Company case, supra, and the procedural rules should be so construed as to avoid such result. As we shall indicate hereafter, we are also dubious that such result yields to the amended rules "a more liberal construction." We need not conjecture as to the significance of the change from the word "facts" to the phrase "any matter"; it is sufficient to note that all discovery is limited by constitutional and case boundaries; that rules 4007 and 4011 cannot be suggested to be limited *only* by "the procedurally recognized objections which their language sets forth:" For ex-

ample, the broadened language of the amended rules may authorize inquiry as to opinions of a *party:* Rush v. Butler Fair and Agricultural Assn. (No. 3), 17 D. & C. 2d 250 (1958). Because we are in firm disagreement with the Straub v. Silber case, supra, and since it is a decision of a court of coordinate jurisdiction, we decline to follow it.

We turn then to the second question as to whether a professional witness may be compelled to attend depositions and give testimony. As a question of power, we are without doubt that the court may so order. The problem, however, is whether there is a discretion as to whether such order should be made and when it should be made.

In the case of DeGrasse v. Danner, Jr., C. P. 3, June term, 1959, no. 2850, this court, per Milner, P. J., by an order dated September 21, 1960, refused to permit the taking of a deposition of a doctor and so ruled without prejudice to the right to address proper interrogatories to the witness. That considered order established the policy of this court. We did not write any opinion.

However, in view of the important questions now presented and in view of the able arguments submitted to us, we feel that we should express our views in writing on this discovery subject.

As we indicated above, we are confident that the court has the power to order the deposition to be taken of any professional witness. In Feldman v. Seligman and Latz, Inc., 9 D. & C. 2d 394 (1957), Judge Montgomery stated as follows:

"Plaintiff's objection has no foundation. Pa. R.C.P. 4007 provides for the taking of testimony of any person including a party and nowhere in the rules can there be found any exception of doctors or other professional persons. So long as the testimony is not

privileged, is relevant and will give substantial aid in the preparation of the pleadings or the preparation for trial of the case, it may be taken unless Pa. R.C.P. 4011 has an application and limits it.

"Damages are relevant and information concerning them is of substantial assistance in the preparation for trial, as has been found in many cases." See also Abrams v. Lapidus, 2 D. & C. 2d 66 (1955), and Knappenberger v. Feldman, 6 D. & C. 2d 728 (1956).

In the Feldman, Abrams and Knappenberger cases, it was properly and variously pointed out that the fact that a plaintiff had previously submitted to a physical examination by a physician of defendant's choice did not bar discovery as to plaintiff's physician; that the submission of a medical report, including a statement of diagnosis and treatment, did not bar such discovery.

Plaintiff contends that the proposed deposition is sought in bad faith because defendant has had a physical examination and because plaintiff has "offered to freely exchange full medical reports and records with the defendant." We do not feel that defendant is required to accept such offer, though the court could, in the exercise of its discretion, so condition and direct. We, therefore, reject the contention of bad faith.

The important question is whether the deposition should be allowed or whether defendant should be limited, at least initially, to the use of written interrogatories. Pennsylvania Rule of Civil Procedure 4012(a) provides that a party or deponent may file a motion for a protective order to the effect that, inter alia, the deposition shall not be taken, that certain matters should not be inquired into, that the scope of the examination shall be limited to certain matters *or that it may only be taken on written interrogatories.* The rules, therefore, clearly contemplate circumstances in which the court may permit written interrogatories but not depositions.

In Feldman v. Seligman and Latz, supra, the court considered such question and stated:

"Plaintiff's counsel further contends that Pa. R. C. P. 4011 prevents the taking of Dr. Miller's deposition because it would cause unreasonable expense and serious oppression to members of the medical profession who specialize in making medical examinations for insurance carriers. It must be admitted that the taking of the deposition of anyone prior to trial or the appearance of a witness at trial causes annoyance, expense, oppression and often embarrassment. However, it is only when such things reach the proportions of unreasonableness that Pa. R.C.P. 4011 has any application. It may be that in the case of busy doctors, the annoyance, etc., is greater than to other persons but this is problematical and must be considered in each case."

In the Knappenberger v. Feldman case, supra, the matter was well discussed and the court stated as follows:

"Defendant's contention, that if discovery is permitted at all it would be restricted to discovery by written interrogatories, is without merit": Page 734.

We have carefully considered these views and nevertheless come to an opposite conclusion. We agree that the rule is one of discretion and that the circumstances of each case will be controlling. But the presumption should be that, in the absence of an affirmative showing of necessity or marked advantage, discovery as to an expert or professional witness, and particularly as to medical witnesses, should be by way of interrogatories rather than by way of depositions.

The ultimate goal of the discovery process should be to expedite the just disposition of litigation and to minimize the expense. There is a valid relationship between that objective and giving earnest consideration to the convenience and needs of the medical pro-

fession in a continuing effort to maintain harmonious relations between the professions. As to physicians who specialize in making medical examinations for parties or their insurance carriers, the practice of taking their depositions could be oppressive indeed, and might well unnecessarily increase the expense of litigation. As to a physician who treats the plaintiff, he would certainly expect to be paid by his patient for the real cost of his time for such deposition.[1] It is undesirable from the viewpoint of the injured litigant to further alienate the medical profession by extending the forensic aspect of treatment. The litigant whose physician has indicated that he does not wish to become involved in court procedures has a real problem with which we should not unnecessarily burden him.

This court was one of the earliest, or even perhaps the first, to urge a rule of liberal construction for the discovery rules: Klosterman v. Clark, 78 D. & C. 263 (President Judge MacNeille, November 5, 1951).

However, "liberal" construction is a meaningless phrase unless it serves to achieve greater or more complete justice. Today, in our opinion, the word "justice" is sharply keyed to reduction of the expense and delay in litigation.

It may well be correct that oral depositions provide the most effective method of "recording the testimony" of a physician from the viewpoint of trial tactics. It is certainly more expensive, oppressive and annoying than interrogatories. It is formally correct to state that depositions will cause annoyance, expense and oppression in the taking of *anyone's* deposition, but there is a very genuine distinction between a physician and "anyone." Physicians are called upon

---

[1] We do not accept the contention in the present case that the cost alone justifies refusal of the deposition, because defendant has here offered to pay the "usual" fee for such medical testimony and, in any event, we could appropriately condition such examination.

in litigation more frequently than almost any other group. Sick people are dependent upon physicians in emergency and for treatment, and there is a shortage of competent available physicians to care for their needs.

In our opinion, the purpose of the discovery rules is achieved when either party secures substantial insight into the nature of his opponent's case. It is not necessary to delineate all nuances. Nor is it a prime aim of discovery to "record testimony." In McLaughlin v. Moore, 10 D. & C. 2d 257 (1956), President Judge Alessandroni correctly observed: ". . . the prohibition against obtaining a 'script for trial' still obtained despite the liberalization of the discovery rules." See also Kulbacki v. Seybold, 4 D. & C. 2d 330 (1955).

Defendant has argued that in plaintiff's deposition he indicated that, immediately after the occurrence upon which suit is based, he was treated by Dr. Tabby and Temple University Hospital; that the hospital records do not show treatment of plaintiff. Plaintiff has offered to defendant photostats of the pertinent records as to plaintiff's hospitalization. We see no need for defendant to take the deposition of Dr. Tabby. Any information defendant requires may be secured by way of interrogation.[2]

Abraham Lincoln is reputed to have said: "A lawyer's time is his stock in trade." Discovery is a tool

---

[2] See and compare Archer v. Litvin, C. P. 3, June term 1952, no. 8003, where in a joint opinion dated April 28, 1953, President Judge MacNeille and Judge Milner stated as follows:

"This order was in accordance with the practice of this court to limit the discovery of witnesses to a procedure by way of interrogatories rather than by way of deposition. We regard it as burdensome and unnecessary to require the attendance of a party before a notary public when the names of witnesses can easily and simply be set forth in an answer to an interrogatory . . .": Ruben v. Gulf Oil Corporation, C. P. 3, September term 1952, no. 1095, opinion by MacNeille, P. J., dated April 28, 1953.

to be used when necessary in the proper preparation of a case. It is not a routine process to be used indiscriminately to inflate an attorney's file and, mayhap, impress a client with his diligence.

Furthermore, in personal injury cases, cooperation between the bar and the medical profession comes close to being a practical necessity. Doctors also have only their time, which is made valuable by many years of training, their experience and their knowledge, which is the fruit of both, to use in earning a livelihood. The bench and the bar should be careful and considerate not to needlessly waste that asset, their time. This is not to be understood as a criticism of able counsel in the case now before us.

For the foregoing reasons, we enter the following

### Order

And now, May 18, 1961, it is ordered that the deposition of Dr. Gilbert Tabby shall not be taken, without prejudice to defendant's right to addres proper interrogatories to said witness and which do not call for an expression of expert medical opinion.