Note.—See under (1) 33 C. J. p. 83, §794; p. 89, §802; 37 C. J. p. 608, §394. (2) 32 C. J. p. 1085, §166; 14 R. C. L. p. 875; 3 R. C. L. Supp. p. 306; 5 R. C. L. Supp. p. 784. (3) 32 C. J. p. 1201, §333. (4) 4 C. J. p. 879, §2853; p. 883, §2855; 2 R. C. L.p. 193; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73.

---

## HAMM v. WILKS.

No. 18791.    Opinion Filed March 20, 1928.

(Syllabus.)

### Appeal and Error—Reversal—Failure to File Answer Brief.

The syllabus in the case of the City National Bank v. Coatney, 122 Okla. 233, 253 Pac. 481, is hereby adopted as the syllabus in this case.

Error from District Court, Pottawatomie County; Hal Johnson, Judge.

Action by E. A. Hamm against C. S. Wilks. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

A. R. Carpenter, for plaintiff in error.

E. C. Stanard, for defendant in error.

PER CURIAM. This is an appeal from the judgment of the district court of Pottawatomie county in an action wherein plaintiff in error was plaintiff below.

Plaintiff in error in due time served and filed his brief in full compliance with the rules of this court, but the defendant in error has wholly failed to file any brief, pleading, or otherwise appear in this court on the merits of the cause, nor has he offered any excuse for his failure to do so.

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, but the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error." City National Bank v. Coatney, 122 Okla. 233, 253 Pac. 481; Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34; Lawton National Bank v. Ulrich, 81 Okla. 159, 197 Pac. 167.

In this case the petition in error prays that this cause be reversed, directing the court below to vacate its former judgment and enter judgment for plaintiff in error, and we find, upon examination of the authorities cited by plaintiff in error, they reasonably support the contention of the plaintiff in error, and we therefore reverse the judgment of the lower court, direct it to vacate its former judgment and enter judgment in favor of the plaintiff in error.

Note.—See 3 C. J. p. 1447, §1607.