**MILLS v. LESTER, Ex'r, et al.**

No. 22543.   Oct. 23, 1934.

Ledbetter, Stuart, Bell & Ledbetter (by H. L. Stuart), for plaintiff in error, M. H. Mills.

Kleinschmidt & Johnson, for defendants in error J. R. Simpson and Home Stake Oil & Gas Company.

WELCH, J. This is an appeal from the district court of Tulsa county. M. H. Mills, plaintiff in error, was plaintiff in the trial court, and the defendants in error, T. H. Lester, executor of the last will and testament of J. E. Lester, deceased; T. H. Lester, Home Stake Oil & Gas Company, a corporation, and J. R. Simpson, were defendants in the court below.

Plaintiff in his suit sought an accounting against J. E. Lester. He alleged that in January, 1927, he formed a partnership with the defendant J. E. Lester in the general practice of law in Seminole. He alleged that upon termination of this partnership the defendant J. E. Lester settled with him, and in such settlement fraudulently concealed the fact that he had collected $30,000 in fees from certain of the defendants, and alleged that such settlement was based upon Lester's fraudulent representation to him that such fees collected amounted to only $20,000. As against the defendants Home Stake Oil & Gas Company, a corporation, and J. R. Simpson, he alleged that these parties had been clients of the law firm during the partnership, and had wrongfully settled with Lester for the attorney's fees alleged to have been due the law firm. It is not apparent from the briefs why the defendant T. H. Lester was made a party. Subsequent to bringing suit J. E. Lester died, and T. H. Lester, executor of the last will and testament of J. E. Lester, deceased, was substituted as a party defendant. Upon

trial, judgment was rendered in favor of the defendants, and plaintiff filed his appeal herein on December 2, 1931.

Plaintiff has filed his brief, but it is not contended or argued therein that the trial court committed error in rendering judgment in favor of the defendants T. H. Lester, Home Stake Oil & Gas Company, a corporation, or J. R. Simpson. His sole contention in his brief is that the findings of the referee, and the judgment of the court in favor of the defendant T. H. Lester, as executor, are against the clear weight of the evidence, and that under the clear weight thereof he is entitled to the judgment of this court against the defendant T. H. Lester, executor of the last will and testament of J. E. Lester, deceased.

The defendants Home Stake Oil & Gas Company, a corporation, and J. R. Simpson, have both filed their separate answer brief, wherein they first seek to have the appeal dismissed because of irregularities in filing, and wherein they argue that inasmuch as the plaintiff's brief does not complain of the action of the trial court in so far as they are concerned, and contains no citations of authorities as against them, and requests no relief of this court in so far as they are concerned, they are entitled to have this court consider· plaintiff's appeal, in so far as their interests are affected, as abandoned.

The plaintiff has filed a reply brief directed principally to the question of whether the appeal should be dismissed. Therein he again refers only to alleged errors of the trial court in failing to render a judgment in his favor against the defendant T. H. Lester, executor of the last will and testament of J. E. Lester, deceased.

The briefs referred to were served and filed in due time in full compliance with the rules of this court, but the defendants T. H. Lester and T. H. Lester, executor of the last will and testament of J. E. Lester, deceased, have wholly failed to file any brief, pleading, or otherwise appear in this court on the merits of the cause, nor have they offered any excuse for their failure to do so.

"Assignments of error on appeal will be considered and treated as waived by this court where the plaintiff in error fails to comply with Rule 26, and fails to argue or cite authorities in support of such assignments of error." Ponca City Milling Co. v. Krow, 131 Okla. 98, 267 P. 629.

"Where plaintiffs in error fail to set forth in their brief as required by the rules of this court, argument or citation of author-

346

ities in support of any assignment of error, it will be deemed as to such assignment that they have waived the same." Harrelson et al. v. Brown et al., 131 Okla. 267, 268 P. 731.

"Assignments of error which are not briefed by appellant and supported by argument or citation of authorities are waived." Nolan v. Schaetzel et al., 145 Okla. 231, 292 P. 353.

Upon the above authorities the judgment of the trial court is in all things affirmed as to the defendants T. H. Lester, Home Stake Oil & Gas Company, a corporation, and J. R. Simpson.

" 'Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief not offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error.' City National Bank ·v. Coatney, 122 Okla. 233, 253 P. 481; Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 292, 171 P. 34; Lawton National Bank v. Ulrich, 81 Okla. 159, 197 P. 167." Hamm v. Wilks, 130 Okla. 120, 265 P. 631.

See, also, Harlow's Civil Digest, vol. 1, page 218, for further cases.

In this case the petition in error prays that the judgment of the trial court be reversed, set aside, and held for naught, and judgment for plaintiff in error be entered, and for such further orders as may be proper. In his brief plaintiff contends that the evidence is such as to show him clearly entitled to a judgment in the sum of $5,000, with 6 per cent. interest from February 1, 1929, and costs, against the defendant T. H. Lester, as executor of the last will and testament of J. E. Lester, deceased. We find from an examination of the evidence presented in plaintiff's brief, and the authorities cited therein, that they reasonably support the contentions of plaintiff, and we therefore reverse the judgment of the lower court as to the defendant T. H. Lester, as executor of the last will and testament of J. E. Lester, deceased, and direct the trial court to vacate its former judgment, and enter judgment in favor of the plaintiff against the last-named defendant for $5,000 with 6 per cent. interest from February 1, 1929, and costs.

RILEY, C. J., and SWINDALL, Mc-NEILL,, and BUSBY, JJ., concur. CULLISON, V. C. J., and ANDREWS, OSBORN, and BAYLESS, JJ., absent.