GRAYSON et al. v. STITH.

No. 29687. April 20, 1943.

*138 P. 2d 530.*

Fred W. Martin, of Wagoner, for plaintiffs in error.

W. R. Banker and A. Camp Bonds, both of Muskogee, for defendant in error.

ARNOLD, J. Defendant in error, hereinafter called plaintiff, brought this action to perpetually enjoin the plaintiffs in error (P. E. Grayson and L. E. Brown), hereinafter referred to as defendants, from entering upon a certain tract of land allegedly belonging to him and from pulling or moving the casing, tubing, and other equipment from the two gas wells thereon situated.

The plaintiff alleged that he is the owner of a certain tract of land; that two fully equipped gas wells of a value of $1,000 each are located thereon; that the defendants entered upon said land and asserted their right to remove the casing, tubing, and other well equipment thereon; that the said defendants have been advised of his ownership and have been denied permission to pull and remove said personal property; that he is unable to learn under what claim of right defendants assert the right to remove same. This petition was filed on April 25, 1933.

On April 29, 1933, the defendant L. E. Brown answered by way of a general denial, and then alleged that on the 29th day of March, 1933, he entered into a contract with the defendant P. E. Grayson whereby he purchased the tubing and pipe in the two abandoned gas wells located on the lands described in plaintiff's petition; that the defendant Grayson was and had been for many years the owner of said land and in open and notorious possession thereof; that the agreed price for the purchase thereof was reasonable; that while he was preparing to pull the pipe of the second well the plaintiff advised him that he was the owner of the land and the wells and all of the equipment; that he advised plaintiff of his contract with defendant Grayson, and the terms thereof; that plaintiff agreed that should the equipment be determined to be his, he would accept the price provided therefor in said contract; that relying thereon he continued with the work of pulling the casing; that he was thereafter served with a garnishment in a case against Grayson and by reason thereof he advised plaintiff he would pay the money for the equipment into court; that immediately thereafter plaintiff commanded him to get off the premises. He then prayed that injunction relief be denied the plaintiff and that he be permitted to remove and sell all the pipe and equipment and deposit the purchase price thereof with the court clerk.

On January 30, 1935, the defendant Grayson answered by way of general denial and alleged that he was the owner of the land described in plaintiff's petition and the wells and equipment located thereon; that plaintiff's claim is based on a certain tax deed, and that same is void for a number of alleged reasons; that said tax deed constituted a cloud upon his title. He then prayed that plaintiff take nothing; that the tax deed be canceled and declared void and the plaintiff decreed to have no interest in the land.

The defendant Brown filed an amendment to his separate answer alleging the invalidity of the tax deed, and prayed that plaintiff take nothing and that the tax deed be canceled as a cloud upon his rights.

On February 12, 1935, plaintiff filed a reply to the separate answer of the defendant Grayson wherein he denied

generally and specifically the allegations thereof, and alleged that on the 31st day of July, 1934, in a separate action filed by him against the defendant Grayson and his wife, on November 25, 1933, a judgment had been rendered determining the tax deed to be valid and quieting the title to the land in him; that said judgment is now final and res adjudicata of the validity of the tax deed and plaintiff's title to the land, and the defendant Grayson is estopped to plead and offer proof on the issues sought to be raised in his answer.

Plaintiff filed a reply to the separate answer of the defendant Brown, denying generally and specifically the allegations contained in his answer and the amendment thereto, and alleged that he obtained title to the land by tax deed issued on March 22, 1933, of which defendant Brown had full knowledge on March 29, 1933, when he entered into the contract of purchase of the equipment with defendant Grayson. He also therein adopted all the allegations set forth in his reply to the answer of defendant Grayson.

At the conclusion of the trial on August 19, 1935, the trial court made findings of fact and conclusions of law to the following effect in the particulars pertinent to our decision in this case: That the casing in dispute was realty and passed by virtue of the tax deed to Stith; that the judgment in the quiet title action hereinbefore referred to was res adjudicata as to the title of the Graysons; that said judgment constitutes a bar to all persons claiming under them.

The trial court then entered judgment permanently enjoining the defendants as prayed for.

Each defendant filed a separate petition in error. The allegations of the petition in error filed by the defendant Brown are identical with those of the petition filed by the defendant Grayson, with the exception that it contains two additional paragraphs, same being paragraphs 5 and 10. The pertinent parts of the petition in error of Brown are as follows:

"(7) The court erred in its findings of fact and conclusions of law No. 1, in holding that the casing in dispute being placed in the wells became a part of the land and was realty which passed by virtue of the deed to Stith had he become owner thereof, if his deed was valid."

"(10) The court erred in its findings of fact and conclusions of law No. 4, in holding that the question involved in this lawsuit had been adjudicated by virtue of the judgment rendered on July 31, 1934, in the case of J. O. Stith v. P. E. Grayson, No. 9691, district court of Wagoner county, Oklahoma."

"(15) Wherefore, plaintiff in error prays that said judgment so rendered may be reversed, set aside and held for naught, and that said action be remanded to the district court of Wagoner county, Oklahoma, with instructions to sustain the demurrer and to dismiss said petition of the plaintiff in said district court, and that this plaintiff in error be restored to all rights that he has lost by the rendition of such judgment, and for such other relief as to the court may seem just."

The defendant Grayson filed an application in the case in this court setting forth that he had theretofore filed an action in the district court of Wagoner county to set aside the judgment quieting title in the plaintiff to the land on which the wells and equipment involved herein were located; that the trial court had rendered judgment on the pleadings in that case and refused to vacate the judgment; that he was perfecting an appeal therefrom; that if this court should in that contemplated appeal set aside the default judgment quieting title to said land in plaintiff, he would then be entitled to defend this action on the ground that the tax deed of plaintiff was void. He admitted in said application that the quiet title judgment was binding upon him until set aside, and on this admission predicated his application to stay determination of this case until the appeal from the judgment refusing to vacate the quiet title judgment should be determined.

The appeal from the action to vacate the quiet title judgment was reversed, with instructions to the trial court to try the issues and determine whether the judgment quieting title should be set aside. Grayson v. Stith, 181 Okla. 131, 72 P. 2d 820.

In the brief of Grayson it is said:

"The various errors set out in the petition in error of the defendant Grayson and which by virtue of the rules of pleading, he is permitted to prove on this appeal is based on the assumption that the tax deed is valid and that Stith is the owner of the land. Of course, the defendant denies all this, but until the default judgment adjudicating these questions has been set aside, there is nothing that the defendant Grayson can do about it, so only the proposition not dependent upon the ownership of the land will be presented, which is as follows:

" 'The district court erred in holding that the casing in dispute had become a part of the land and passed under the deed to the plaintiff Stith.'

"This defendant in alternative prays this Honorable Court that if it cannot find and hold that the casing involved in this action is personal property and reverse and remand on that proposition alone, that this appeal be considered together with the appeal case No. 27411, Supreme Court, and in event case No. 27411 is reversed and remanded for a new trial, that this case be remanded and said defendant permitted to make proper defenses in the district court of Wagoner county, Oklahoma, free from the restrictions heretofore imposed upon him under the theory of res adjudicata by virtue of the judgment in the previous case."

It is apparent that Grayson on appeal admitted that so long as the judgment quieting title in the plaintiff, based on his tax deed, was not vacated he was bound thereby. It is also obvious that on appeal he stood solely upon the proposition that the casing, tubing, and other gas well equipment involved was personal property and was owned and subject to sale by him at the time he entered into the contract with the defendant Brown.

Brown on appeal contended that he was not bound by the judgment quieting title in the plaintiff to the land because he was not a party to the case resulting in said judgment. In this connection he also contended that the casing, tubing, and other equipment involved was personal property which was owned by Grayson regardless of the title to the real estate, and that he was the owner thereof by reason of his purchase from Grayson, the owner, prior to the filing of the action to quiet title.

As far as Brown is concerned it is immaterial whether Grayson or Stith was the owner of the real estate if the casing, tubing, and other equipment involved herein is personal property.

The plaintiff, Stith, failed to file a brief, and on the 18th day of January, 1938, this court reversed the judgment of the trial court in the former appeal of this case. 181 Okla. 525, 75 P. 2d 418. Therein we held:

"The defendant in error has failed to file any brief or offer any excuse for such failure. Upon the authority of the City of Oklahoma City v. Blondin, 163 Okla. 276, 21 P. 2d 1035, this cause is reversed and remanded, with directions to vacate the judgment for plaintiff and enter judgment for the defendants."

On February 4, 1938, the mandate of this court was filed in the district court. On February 16, 1938, the defendants moved that the trial court enter judgment in conformity with the opinion and the mandate of this court by quieting title to the land in defendant Grayson, and quieting title to the pipe and equipment in defendant Brown. The plaintiff in response thereto alleged that the question of the title to the land was not before the court in this case on the former appeal; that the defendant Grayson had at all times admitted that the judgment quieting title in the plaintiff was binding upon him; that the only question involved in this action on the former appeal was the title and right to the pipe and equipment.

Thereafter, on August 2, 1939, the trial court ordered and adjudged that

the mandate be spread of record; that the judgment of May 17, 1935, which was the judgment involved in the former appeal, be vacated, set aside, and held for naught; that the plaintiff take nothing by reason of his petition, and that it be dismissed at plaintiff's cost; that the defendants have and recover their costs expended. The defendants gave notice of appeal separately and filed separate petitions in error in this court.

It is the duty of a trial court on receipt of mandate from this court to spread it of record and to enter judgment in conformity therewith and as directed in the opinion. Pyle v. Pennington Grocery Co., 187 Okla. 133, 101 P. 2d 847; Barrett v. Steele, 189 Okla. 501, 117 P. 2d 1020. This the trial court no doubt attempted to do. The only question for determination is whether the judgment entered is in conformity with the mandate and as directed by the opinion on the former appeal of this case (Grayson et al. v. Stith, 181 Okla. 525, 75 P. 2d 418.).

Defendant Grayson, in his brief filed in this case on the former appeal, not only waived any assignment of error as to the invalidity of the tax deed and as to the ownership of the land, by his failure to argue and cite authorities in support thereof (Howlett v. Mayo's, Inc., 186 Okla. 651, 100 P. 2d 263; Railway Express Agency v. Stephens et al., 183 Okla. 615, 83 P. 2d 858; Mills v. Lester et al., 169 Okla. 344, 37 P. 2d 261), but admitted that the judgment of July 31, 1934, hereinbefore referred to, wherein it was adjudged that the tax deed was valid and title to the land should be quieted in the plaintiff, was binding upon him until set aside. As hereinbefore indicated, he predicated his appeal entirely upon the sole proposition that the trial court erred in holding that the casing in dispute had become a part of the land and passed under the tax deed to the plaintiff. His argument and the cases cited by him go only to this proposition.

The plaintiff filed no brief and offered no excuse for failure to do so in the former appeal of this cause.

We have always adhered to the rule that this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities in the brief filed appear reasonably to sustain the assignments of error, reverse the case, with directions to enter judgment in accordance with the prayer of the petition in error except as to waived assignments. See Mills v. Lester, supra, and the many other cases to the same effect.

In the former appeal we reversed the judgment and directed the trial court "to vacate the judgment for plaintiff and enter judgment for defendants." This direction to the court contemplates entry of judgment for defendants in accordance with the prayer of their petitions in error on issues presented on appeal. See McNee v. Williams, District Judge, 280 Fed. 95.

Neither of the defendants asked for a judgment quieting title to the land; neither argued that the title to the land was an issue.

Under the issues presented to us in the former appeal both defendants claimed that the pipe, tubing, and equipment constituted personal property which was owned by Grayson at the outset; that the pipe was sold by Grayson to Brown; that Brown was the owner thereof and entitled to remove same from the land where located at the time of entry of the former judgment. It necessarily follows that we, in legal effect, directed the lower court to vacate the judgment for the plaintiff and enter judgment for the defendant Brown, adjudging him to be the owner of the personal property involved.

Judgment of the lower court vacating the judgment for the plaintiff and dismissing his petition was correct, and that part of the judgment is affirmed; that part of the judgment denying the defendant Brown relief is reversed, with directions to enter judgment for said defendant in accordance with the views

hereinbefore expressed; the judgment insofar as it denies relief to the defendant Grayson is correct, and therefore affirmed in this respect.

Affirmed in part; reversed in part.

CORN, C. J., GIBSON, V. C. J., and RILEY, WELCH, HURST, and DAVISON, JJ., concur. OSBORN and BAYLESS, JJ., absent.