STONE v. MIRACLE, Dist. Judge.

No. 32214. Oct. 9, 1945.

*162 P. 2d 534.*

T. L. Blakemore, of Sapulpa, and Will A. Ratterree, of Okemah, for plaintiff.

J. Hugh Nolen and Clyde F. Ross, both of Okemah, for defendant.

ARNOLD, J. This case is an outgrowth of cause No. 31470 in this court (Stone v. Merrell, 195 Okla. 17, 154 P. 2d 952), wherein Ida M. Stone was appellant against L. F. Merrell and James McMahan, opinion in which was handed down by this court January 9, 1945. By that opinion this court reversed a judgment of the district court of Okfuskee county dismissing the appeal of Ida M. Stone from a judgment of a justice of the peace.

Upon the going down of the mandate of this court to the district court of Okfuskee county, Ida M. Stone filed her motion in that court for the entry of a judgment therein in conformity with the opinion and mandate of this court. There is no dispute between the parties

as to what occurred after the filing of said motion, the facts in that regard being those stated in the instant petition of the plaintiff herein as follows:

"That said motion came on for hearing before said District Court, the defendant Jess I. Miracle presiding, on the 27th day of March, 1945, at which hearing counsel for both parties were present; that after argument, counsel for the defendants was granted ten days within which to file written brief and the cause was passed to the following motion day at which time additional time was granted counsel for defendants to file such brief; that on the 24th day of April, 1945, the court sustained said motion and rendered judgment in favor of the plaintiff; that on the 27th day of April, 1945, the defendants filed what they denominated a motion for new trial in said cause; that on the 5th day of May, 1945, said motion for new trial was by the court, said Jess I. Miracle presiding, sustained and the court made and entered an order purporting to remand said cause to the Justice of the Peace Court for trial."

From the opinion of this court rendered in cause No. 31470 it is apparent that on the appeal to the district court from the judgment of the justice of the peace there was a full and complete hearing, both sides producing their evidence upon the merits of the controversy.

It appears from the undisputed facts in the instant proceeding that the defendant herein, as judge of said district court, attempted to remand the original cause to the justice of the peace for a trial therein on the merits. By constitutional provision (art. 7, sec. 14) and statutory enactment (39 O. S. 1941 § 243), appeals from justice of the peace courts are tried de novo on both questions of law and fact. This court in numerous cases has defined the term "trial de novo". In the case of Giles v. Shaw, 146 Okla. 28, 293 P. 1103, this court said that "trial de novo," within provisions for such trial on appeal from justice to county court, means trial of entire case anew; and in the case of Peters v. Holder, 40 Okla. 93, 136 P. 400, the court said that the "trial de novo" required by this section, on appeal from justice of the peace, means a trial anew of the entire case, as if no action had been instituted below.

In defendant's answer to the instant petition it is contended that the mandate of this court in cause No. 31470 should have been directed to the justice of the peace instead of to the district court and that under this court's opinion it was the duty of the district court to return the cause to the justice of the peace for another trial on the merits, as the justice of the peace courts have exclusive original jurisdiction of unlawful entry and detainer actions. This contention is wholly without merit. Mandates of this court run only to the court from which the appeal comes. There is no provision for appeal from a justice of the peace court to this court, and, therefore, the mandate of this court to the district court was a direction to that court in cause No. 31470 to enter judgment in conformity with the opinion of this court based upon the merits of the action as disclosed by the record in that appeal. The defendant herein, having sustained the motion of the plaintiff below to enter judgment in conformity with the opinion of this court, should have stopped there, and its further order sustaining a motion for a new trial by the defendants therein and remanding the cause to the justice of the peace for trial was an unlawful deprivation of a clear legal right to plaintiff.

Writ granted.