1997 OK CIV APP 66

**Donna RAY, Plaintiff/Appellant,**

v.

**The AMERICAN NATIONAL BANK & TRUST COMPANY OF SAPULPA, Oklahoma, as Personal Representative of the Estate of Glenn O. Young, Deceased, Defendant/Appellee.**

**No. 86794.**

Court of Civil Appeals of Oklahoma, Division No. 3.

March 28, 1997.

Rehearing Denied May 5, 1997.

Certiorari Denied Oct. 15, 1997.

---

**23.** Rule 9.7(D)(5), *Rules of the Court of Criminal Appeals*, 22 O.S.Supp.1996, Ch. 18, App.

William Hickman, Hickman & Hickman, Tulsa, for Plaintiff/Appellant.

John M. Young, Young & Young, Sapulpa, for Defendant/Appellee.

## MEMORANDUM OPINION

GARRETT, Judge:

Appellant, Donna Ray, sued Appellee, The American National Bank & Trust of Sapulpa, Oklahoma (Bank), as Conservator for Glenn O. Young, and Glenn O. Young, for breach of employment contract, conversion of personal property, breach of contract for purchase of a horse, breach of warranty of title to a deed and wrongful eviction. After Young's death on July 11, 1991, Ray substituted the Bank, who had been appointed Personal Representative for his Estate, as party defendant. The case went to trial in May, 1992, and the trial court sustained demurrers to Ray's evidence and dismissed her petition in the district court case which is the subject of this appeal, case number C–85–591 (the civil case). Ray appealed, see appeal number 80,-007. On July 19, 1994, the Supreme Court issued its opinion,[1] affirming the trial court in part and reversing in part. The Supreme Court remanded two issues, i.e., breach of employment contract and conversion of personal property, to the trial court for a jury trial.

On March 1, 1994, while the appeal in case number 80,007 was pending, an heir of Glenn O. Young, David Young, filed a motion to strike Ray's creditor's claim in the probate case, case number P 91–78. The probate court sustained the motion to strike.

On October 6, 1995, the two issues remanded to the trial court in the civil case were set for trial, to be held February 19, 1996. On October 27, 1995, Bank filed a motion to dismiss the civil case, alleging the striking of the claims in the probate case barred the claims in the civil case. The motion was granted on December 7, 1995. At that time, the trial court also overruled Ray's request to amend her petition and her request for trial. Appellee then moved for judgment on its counter claims, which were dismissed. The court awarded Appellee attorney fees and costs. This appeal followed.

First, Ray contends the trial court erred in dismissing her petition based on the probate court's order striking her creditor's claim. She contends the order of the probate court is irrelevant to the civil action. Under 12 O.S.1991 § 1051, the cause of action survived the death of the decedent, and the personal representative of his estate was properly substituted under 12 O.S.1991 § 2025. Additionally, she contends 12 O.S.1991 § 1084 allows an estate to be substituted in a contract action.

On January 17, 1997, this Court *sua sponte* issued show cause orders to the parties with regard to whether Bank's counter-petition in error should be dismissed for failure to serve Ray; and whether the filings from the probate case, filed in this appeal by David Young, a non-party to the instant appeal, should be stricken. Bank's response to our January 17, 1997 order contains an affidavit from Bank's attorney that, despite the absence of Ray's name on its certificate of mailing, it was in fact mailed to Ray's attorney. Ray did not file a response to this affidavit, and we conclude the counter-petition in error should be considered and shall proceed.

As to the documents from the probate case, filed herein by David Young, we conclude they should be stricken. David Young is not a party; correct procedure to amend a record was not followed; and they are irrelevant to the issues to be decided in this appeal. Additionally, Ray's motion to strike the Entry of Appearance of David Young, a purported real party in interest, is sustained, as he is not a party to the contro-

---

1. See *Ray v. American National Bank & Trust Co. Of Sapulpa*, 894 P.2d 1056 (Okl.1994). The Supreme Court vacated the opinion of Division 4 of the Court of Appeals, which had affirmed in part and reversed in part.

versy in the instant appeal. The correct procedure to intervene was not followed. In addition, David Young's motion to dismiss Ray's appeal is stricken.

As stated above, in case number 80,007, the Supreme Court directed the trial court to hold a jury trial on two issues. The threshold issue in this appeal, therefore, is whether the trial court had the authority, because of the dismissal of Ray's claims in the probate court, to dismiss the claims the Supreme Court ordered the trial court to hear in the civil case. We hold that it does not.

 Probate is statutory. The court's power, jurisdiction and proceedings are prescribed and limited by statute. 58 O.S.1991 § 1 provides the district court has probate jurisdiction, and the judge thereof power, which must be exercised in the cases and in the manner prescribed by statute. Next, § 1 enumerates the probate jurisdiction and powers of the court. Unless a specific power or jurisdiction is given the probate court, it does not exist. *Wilson v. Kane,* 852 P.2d 717 (Okl.1993), *Lowrance v. Patton,* 710 P.2d 108 (Okl.1985), *In the Matter of the Adoption of B.K.J.,* 639 P.2d 611 (Okl.1982), *Bratton v. Owens,* 794 P.2d 423 (Okl.App.1990) and *Duke v. Nelson,* 536 P.2d 412 (Okl.App.1975). The Oklahoma Supreme Court emphasized how the district court, on the other hand, is separate and distinct from the probate court in *Lowrance v. Patton,* 710 P.2d at 112:

> While the District Court of Logan County had jurisdiction and venue over the probate case, it is an entirely different question with regard to the separate and distinct action against appellants. Appellants were third-parties to the probate proceeding, and as this Court has recognized on several occasions, the probate jurisdiction of a Court does not extend to actions between an executor and third persons, except to the extent permitted in 58 O.S. 1981, §§ 292–295. Moreover, even under §§ 292–295, the probate court does not have the authority to adjudicate title to property or to compel its return, and a separate action must be brought.
>
> As a separate and distinct action to recover property for the estate, the venue in the present case must be determined independently of the probate proceeding....
> (Footnotes omitted).

 Events occurring in Young's probate case do not dictate the events in this district court case. A probate proceeding is not a suit or action of a civil nature which is cognizable as a case at law or in equity. It is a special proceeding in rem, and is controlled by the probate code. See *Wilson v. Kane,* supra, *Wolfe v. Graham,* 185 Okl. 318, 90 P.2d 1067 (1938), and *In the Matter of the Estate of Evelyn R. Daly, Deceased,* 870 P.2d 795 (Okl.App.1994).

 Moreover, in the prior appeal, the Supreme Court directed the trial court to hold a trial on two issues as to which the Bank's demurrer to the evidence was sustained. However, the trial court disregarded the directions of the Supreme Court by dismissing the case. This was error. The trial court has a duty to follow the directions of the Supreme Court on remand. See *Stone v. Miracle,* 196 Okl. 42, 162 P.2d 534 (1945). See also *Grayson v. Stith,* 192 Okl. 340, 138 P.2d 530 (1943); *Davis v. Baum,* 192 Okl. 85, 133 P.2d 889 (1941). Neither the probate court in the probate proceeding, the trial court in the civil case, nor this court in this appeal, may overrule the Supreme Court.

 Ray also complains the trial court erroneously denied her application to amend her petition. Unless specifically limited by the proceedings in error or as to issues which become the settled-law-of-the-case, when a cause is remanded, the parties are entitled to introduce additional evidence, supplement the pleadings, and expand the issues. *Brumark Corp. v. Corporation Com'n,* 924 P.2d 296 (Okl.App.1996), citing *Parker v. Elam,* 829 P.2d 677, 682 (Okl.1992), *Robert L. Wheeler, Inc. v. Scott,* 818 P.2d 475, 479 (Okl.1991), and *Fent v. Oklahoma Natural Gas Company, a Division of Oneok Inc.,* 898 P.2d 126, 134 (Okl.1994).

In the prior appeal, the Supreme Court remanded the case to the trial court with these directions:

> We affirm the trial court's summary judgment to Bank on Ray's wrongful interference with contract claim. We also affirm the trial court's demurrer (sic) to Ray's evidence as to all issues except the issues of breach of employment contract

and conversion of personal property, which we direct the trial court to submit to a jury for determination.

Ray sought to amend her petition, after remand, to allege the court's denial of her creditor's claim *in the probate proceeding;* damages prayed for in the original petition; and damages allowed to be sought by the Supreme Court, i.e., the two issues noted above.

■ The trial court did not err in denying her request to amend her petition on issues outside the scope of the clearly defined and limited issues remanded to the trial court for trial by the Supreme Court in the prior appeal: i.e. breach of employment contract and conversion of personal property. However, her request to amend the petition as to the issues remanded should have been allowed. To the extent the trial court denied her request on the remanded issues, the order denying the application to amend is reversed.

■ We hold all of the trial court's orders in regard to attorney fees and costs are premature because this action has not reached a final judgment. We would point out, that when the proper time comes to consider attorney fees and costs in the trial court, the court should consider Ray the successful party in this appeal. With regard to appeal number 80,007, Ray was the prevailing party as to the issues remanded, and Bank was prevailing party as to the issues affirmed. At this time, all orders awarding attorney fees and costs are premature and are reversed.

## BANK'S COUNTER–PETITION IN ERROR

Bank's brief in support of its counter-petition in error raises the following issues: (1) the court should either award additional attorney fees to Bank, or in the alternative, affirm the award of attorney fees and costs entered by the trial court; (2) the trial court erred by failing to enter judgment in its favor for half of the net sale proceeds of a certain Winnebago; and (3) David Young should be allowed to appear in the case at bar and present argument and briefing to the court.

It is unnecessary to further consider Bank's counter-petition in error as to attorney fees.

On October 13, 1986, Bank filed an Application for Contempt against Ray, alleging that, pursuant to an oral motion to the court [while appearing on other matters] on September 17, 1986, she was ordered by the court to account to Glenn Young for the sale of a Winnebago which they jointly owned and which she allegedly sold. Bank alleged she failed to comply with the order. Apparently, the court's alleged order was also oral, because there is no memorialization of it in the appellate record. A minute order entered at that proceeding states the cause is set for further hearing on October 13, 1986. However, on October 13, 1986, the record shows the court considered the matter and entered an order directing Ray to account for the sale price, less reasonable costs incurred, and to pay half of the remaining balance to Bank or deposit the total amount into court, for later disbursement.

As to the alleged error on the motion to enter judgment, we hold there is an insufficient record before this Court. However, it appears that the above history took place. If this is correct, then the trial court has, in effect, entered judgment, and there was no appeal on this issue. We see no error of which Bank may complain.

It is not apparent from this record that any further action was taken on this matter until December 29, 1995, following the Supreme Court's order in case number 80,007, when it filed a motion to enter judgment on the 1986 order. However, Bank did not seek to have the judgment vacated or modified to include the Winnebago proceeds. It also did not, when Ray filed the prior appeal, raise the issue through counter-appeal. The Supreme Court's opinion does not address it, and we consider the issue not before us.

Bank's third briefed issue regarding the appearance of David Young in this appeal has been previously considered, and we will not consider it further. We note the issue was not raised in Bank's counter-petition in error.

### CONCLUSION

The judgment of the trial court dismissing Ray's remaining claims, as defined by the Supreme Court in appeal number 80,007, and overruling her motion to amend her petition on these remanded issues, is vacated. This case is remanded to the trial court for further proceedings in accordance with the views expressed herein and in accordance with the mandate issued by the Supreme Court in appeal number 80,007. The judgment is reversed as to the award of attorney fees and costs to Bank. Bank's request in its counter-petition in error for additional attorney fees and costs is denied as premature.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

JONES, P.J., and ADAMS, C.J., concur.