2002 OK CIV APP 36

Cleveland KINZY, for himself and as a member of a class of Oklahoma Firefighters, Plaintiff/Appellant,

v.

STATE of Oklahoma, ex rel. OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, Defendant/Appellee.

No. 96,573.

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 15, 2002.

Stephen G. Solomon, Derryberry, Quigley, Solomon & Neifeh, Oklahoma City, OK, for Plaintiff/Appellant.

Marc Edwards, Phillips, McFall, McCaffrey McVay & Murrah, P.C., Oklahoma City, OK, for Defendant/Appellee.

KENNETH L. BUETTNER, Judge.

¶ 1 Plaintiff (Pensioner/Firefighter) sued to recover retroactive cost of living adjustment (COLA) retirement benefits. The Oklahoma Supreme Court reversed the trial court's order and held that the claim was time-barred. It remanded the matter with directions to enter judgment denying recovery. Upon remand, Plaintiff sought leave to amend the petition to include non "time barred" benefits. The trial court overruled the motion. We affirm.

¶ 2 The original petition sought to recover retroactive COLA benefits accrued from May 1983 through December 1987. The trial court certified a class and entered judgment in favor of the class December 31, 1998. On appeal, the Oklahoma Supreme Court held that the nature of the action was in contract, and the five year statute of limitations barred the claim. *Kinzy v. State ex rel. Oklahoma Firefighters Pension and Retirement System*, 2001 OK 24, 20 P.3d 818 ("Appellee's claim is time-barred.") *Id.* at 820.

¶ 3 Upon return of the case to the trial court, Plaintiff sought leave to amend the petition to include claims that were not time-barred. In its denial, the trial court specifically stated:

However, the Supreme Court's decision was a final one and the remand direction was limited in nature; that is, to enter judgment denying recovery on the time-barred claims. The only action remaining in this case is for this Court to follow the Supreme Court's mandate.

¶ 4 On remand of a case, appellate court's directions to the trial court determines whether the liberal rule in permitting amendments to the pleadings prevails. "Where a cause has been reversed and remanded for further proceedings 'not inconsistent with the views expressed', its status thereafter in the court below is ordinarily the same as though no trial had been held, and pleadings may be amended and new issues formed not inconsistent with the views expressed in the opinion." *Anderson v. Beidleman*, 1947 OK 46, 178 P.2d 81 (syllabus by the court ¶ 1).

¶ 5 In *Ray v. The American National Bank & Trust Company of Sapulpa*, 1997 OK CIV APP 66, 948 P.2d 1235, this court held that when the Oklahoma Supreme Court remanded a case to submit issues of breach of employment contract and conversion to a jury, there was no error in denying a request to amend petition on issues outside the scope of the clearly defined and limited issues remanded. Because claims were still at issue, expanding and supplementing the pleadings relative to the breach and conversions claims should have been allowed, but denying the motion to amend creditor's claim in the probate proceeding was proper.

¶ 6 In this case, however, the only material issue was finally decided by the Oklahoma Supreme Court. It directed the trial court to enter an order denying recovery. In such cases, the Oklahoma Supreme Court held, in *Sandefur v. Vanderslice*, 1944 OK 129, 151 P.2d 430 (syllabus by the court, ¶ 2):

Where the findings and conclusions of the Supreme Court on appeal cover the entire case made by the pleadings and the evidence in the trial below and nothing is left open for further examination in the trial court and the case is reversed with directions to enter a particular judgment, it is the duty of the trial court to enter the judgment in accordance with the opinion.

Also see *Marshall v. Cantrell*, 1951 OK 172, 236 P.2d 262, 263:

The decision on the appeal was a complete determination of the issues involved in the case and judgment thereon as directed a final determination of the rights involved .... the trial court was in duty bound to execute the mandate of this court by entering judgment for defendant in accordance with the law of the case as stated in the

opinion, which was done, and the court was without authority to entertain the amended petition.

¶ 7 In part, Plaintiff rests his position in favor of allowing the proposed amendment to his petition in the words the Oklahoma Supreme Court used in its order:

For the above reasons, THE TRIAL COURT'S JUDGMENT IS REVERSED AND THE CAUSE IS REMANDED WITH DIRECTION TO ENTER JUDGMENT DENYING RECOVERY ON THE TIME–BARRED CLAIMS.

20 P.3d at 824, ¶ 15.

¶ 8 We do not find, however, that this language implies that the cause is open for claims that are not time-barred. The only claims asserted in the original petition were those which were time-barred.

¶ 9 The trial court properly determined that the only action permitted on remand was to enter judgment for defendant. The trial court therefore properly denied the motion to amend. AFFIRMED.

¶ 10 JOPLIN, V.C.J., concurs; JONES, J., dissents.